MATTER OF P——

In EXCLUSION Proceedings

A-11163038

*Decided by Board December 3, 1958*

Nonimmigrant—Visitor for business—Canadian salesman eligible to enter United States temporarily to solicit orders.

Employee of a Canadian firm who comes to United States about four times a year for 2-week periods to sell plastic bags to United States customers is eligible for admission as nonimmigrant visitor for business where his employer's principal place of business is in Canada, the accrual of profits from his work takes place in Canada, his commissions from sales in the United States are a minor part of his over-all income, and each of his entries is plainly of a temporary nature.

EXCLUDABLE: Act of 1952—Section 212(a)(20) (8 U.S.C. 1182(a)(20))—Immigrant not in possession of a valid immigrant visa.

BEFORE THE BOARD

**Discussion:** The case comes forward on appeal by the Acting District Director, Helena, Montana, from the decision of the special inquiry officer dated July 10, 1958, ordering that the applicant be admitted to the United States as a temporary visitor for business for a period not to exceed 14 days.

The applicant is a native of Scotland, national of Great Britain, a permanent resident of Canada, who seeks admission to the United States as a temporary visitor for business under the provisions of section 101(a)(15)(B) of the Immigration and Nationality Act. As a British resident of Canada he is exempt under the provisions of 8 CFR 212.1 from the necessity of presenting a passport or visa. The question to be determined is whether the applicant qualifies as a nonimmigrant.

The applicant testified that he has never resided in the United States and has no intention of residing here but intends to continue to make his home with his wife and family in Calgary, Alberta, Canada, where he is employed as a salesman for a firm which manufactures polythylene and cellophane bags. He desires to enter the United States temporarily as a visitor for a period of 10 days or 2 weeks for the purpose of selling the cellophane bags as part of

his employment for the Canadian firm. His selling territory in the United States embraces customers in the States of Montana, Idaho, Oregon, California and Washington. These customers are produce packers whom he calls on for the purpose of selling them these bags as he has in the past 2 years. He enters the United States for this purpose 3 or 4 times a year for a period of 10 days to 2 weeks. The applicant is paid a commission of four-and-a-half per cent and earns approximately $1000 a year on the sales he makes in the United States. The employer testified that it would not be profitable to engage a salesman in the United States to sell these products since there is not enough business to warrant such employment.

Under the provisions of section 101(a)(15)(B) of the Immigration and Nationality Act a nonimmigrant visitor is defined as an alien having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure. The applicant satisfies the first part of this definition and the remaining question is to whether he is a visitor for business. The term "business" as used in section 101(a)(15)(B) refers to legitimate activities of a commercial or professional character but does not include purely local employment or labor for hire (22 CFR 41.40(b)). Innumerable cases have arisen, some of which present borderline situations which require a determination as to whether the applicant is a nonimmigrant or an immigrant. Previous cases have laid down the following significant considerations to be stressed: (1) there is a clear intent on the part of the alien applicant to continue the foreign residence and not abandon the existing domicile; (2) the principal place of business and the actual place of eventual accrual of profits, at least predominantly, remains in the foreign country; (3) while the business activity itself need not be temporary, and indeed may be long continued, the various entries into the United States made in the course thereof must be individually or separately of a plainly temporary nature in keeping with the existence of the two preceding considerations.[1]

Both the special inquiry officer and the Service representative at oral argument have cited a number of cases to sustain their respective positions. None of the cited cases appears to be particularly helpful. Analyzing the facts in the instant case, there is no doubt of a clear intent on the part of the alien applicant to continue his foreign residence and not abandon his existing Canadian domicile. The principal place of business of the firm which employs him is in Canada and it appears that the applicant is paid in Canada. The actual accrual of profits from his work (or wages) appears to take

---

[1] *Matter of G——P——*, 4 I. & N. Dec. 217; *Matter of G——*, 6 I. & N. Dec. 255; *Matter of M——*, 6 I. & N. Dec. 533.

place in Canada. Since he is a full-time salesman the amount of commissions he earns from sales in the United States would appear to constitute a minor part of his total income. There is no doubt that each separate entry is of a plainly temporary nature in keeping with the existence of the two previous considerations. His situation appears to be similar to that of a sales representative of a Canadian advertising firm who was admitted as a temporary visitor for business to solicit accounts of long standing which would continue indefinitely in the future.[2] It is believed that the entry of the applicant is in furtherance of international trade or commerce and that he may properly be regarded as a nonimmigrant. The order of the special inquiry officer will be affirmed.

**Order:** It is ordered that the appeal be dismissed and that the order of the special inquiry officer dated July 10, 1958, admitting the applicant as a temporary visitor for business for a period not to exceed 14 days be and the same is hereby affirmed.

[2] *Matter of G——*, 6 I. & N. Dec. 255, 257, footnote 3, citing *Matter of S——*, A-6877300. See also unreported *Matter of H——*, A-7142296 (June 17, 1949), and *Matter of G——*, A-7142287 (June 22, 1949), in which Canadian farmers coming here for 2 days to solicit orders of farmers and hay dealers in Bangor, Maine, for purchases of hay obtained in Canada were held to be coming temporarily to do business of a commercial nature which was not permanent or continuing, although both had been here a number of times before.