MATTER OF M——S——H——

In VISA PETITION Proceedings

SPM-N-30

*Decided by Regional Commissioner October 19, 1959*
*Approved by Assistant Commissioner February 19, 1960*

Nonimmigrant—Section 101(a)(15)(H)(i), 1952 act—Position of intern not temporary.

Permanent nature of position of intern in hospital precludes granting intended alien employee nonimmigrant status under section 101(a)(15)(H)(i) of the 1952 act notwithstanding that alien's services are limited to period of one year.

BEFORE THE REGIONAL COMMISSIONER

**Discussion:** The petitioner desires the services of the two beneficiaries, Drs. V——L——P—— and A——M——P——, as interns for a period of one year. The Assistant Administrator of the petitioning hospital states that it is proposed that the beneficiaries be paid $150.00 a month, plus rooms, meals, and uniforms.

The beneficiaries are both medical doctors born in the Philippines in 1927 and 1928, respectively. The district director denied the petition on the ground that it had not been established that the beneficiaries are *bona fide* nonimmigrants nor that the positions sought to be filled are temporary.

On August 31, 1959, the District Director at St. Paul approved petitions filed by M——S——H—— in Minneapolis, Minnesota, granting the beneficiaries of the petition now under consideration first preference quota status to come to the United States as immigrants. In submitting the present petition the petitioner's counsel stated: "Due to the fact that the first preference of the Philippine quota is closed and it will be some time before a number would be available to the beneficiaries, I am submitting herewith Form I-129B in duplicate duly executed by the Hospital in order that they be permitted to come to the United States to work at the Hospital since their services are urgently needed."

It is reasonable to assume that had the petitioner desired the beneficiaries' services to fill temporary positions for a temporary

period the original petition would have been filed under sections 101(a)(15)(H)(i) and 214(c) of the Immigration and Nationality Act rather than under sections 203(a)(1)(A) and 204(b) of the act.

The petitioner's counsel states that "The situation of an intern is of necessity a temporary one since, after a period of internship, they are no longer interns but must graduate into the position of Residents following a program of residence." This is unquestionably true insofar as a particular intern is concerned. However, when an intern completes his internship and moves into a residency or private practice, the work he did as an intern must still be done by someone. In this sense the position is of a permanent rather than a temporary nature.

To be eligible for admission as a nonimmigrant under section 101(a)(15(H)(i) the beneficiary must have a residence in a foreign country which he has no intention of abandoning and the work which he is coming to the United States to perform must be of a temporary nature as distinguished from work of a continuing or permanent character.

Prior to the present act, section 3(2) of the Immigration Act of 1924 provided for nonimmigrant status for aliens visiting the United States temporarily for business or pleasure. In construing this section with respect to the word "temporary," it was stated in *Matter of L——*, 3 I. & N. Dec. 857 (B.I.A., 1950), as follows:

As we see the problem, the standard to be applied is not the expectancy of the appellant's employment because of the seniority rule or the terminology used to describe his employment, but rather whether the work to be performed by the appellant in the United States is considered to be of a permanent duration at a fixed place of employment.

When the present law was under consideration by Congress it was pointed out that the provision for the admission of temporary visitors is substantially the same as in the 1924 act (Senate Report No. 1137, 82d Cong., 2d Sess., p. 19 (1952), House Report No. 1365, 82d Cong., 2d Sess., p. 43 (1952), Senate Report No. 1515, 81st Cong., 2d Sess., p. 525 (1950)).

In deciding *Matter of M——*, 6 I. & N. Dec. 533, March 8, 1955, the Board of Immigration Appeals said:

The definition in the present act as to a temporary visitor for business or pleasure differs but very little from the definition contained in section 3(2) of the prior Immigration Act of 1924 which stated that when used in that act the term "immigrant" meant any alien departing from any place outside the United States destined for the United States except an alien visiting the United States temporarily as a tourist or temporarily for business or pleasure. * * * The business for which the alien is coming must be temporary and not continuing or permanent in character; *not only the visit but the business must be of a temporary character.* * * * [*Matter of C——*, 56172/725; *Matter of R——V——*, 55977/752, June 20, 1938. (Emphasis supplied.)]

461

The proposed employment for only one year does not change the character of the position from permanent to temporary.

From the foregoing it is concluded that the petition cannot be approved. The action of the district director in denying the petition was proper. Accordingly, the appeal must be dismissed.

**Order:** It is ordered that the appeal be dismissed.