*I*

MATTER OF UNIVERSITY OF CALIFORNIA MEDICAL CENTER

In VISA PETITION Proceedings

SFR-N-3576

*Decided by Regional Commissioner January 17, 1964*

An alien is ineligible for nonimmigrant classification under section 101(a)(15)
(H)(i), Immigration and Nationality Act, if a first preference petition in
his behalf has been approved for the same position and the position is
permanent in nature; the filing of a first preference petition may indicate that
the position is permanent in nature; classification as a nonimmigrant under
section 101(a)(15)(H)(i) may not be used as a substitute for classification
under section 203(a)(1) to overcome inability to obtain a quota visa promptly
because of oversubscription of the quota.

DISCUSSION: This case comes before the Regional Commissioner
on certification by the District Director, San Francisco who on October 18, 1963 denied the application for the following reason:

The petition is denied as the position to be filled is permanent. To be classified as a nonimmigrant, the position to be filled must be temporary in nature. A first preference immigrant visa petition was previously approved in behalf of the beneficiary for the same position.

Petitioner, the University of California, San Francisco Medical
Center, San Francisco, California is engaged in training and research
in the fields of medicine, nursing and pharmacy and desires to import
beneficiary to assume the position of an assistant research biochemist
to be in charge of research into the changes in steroid hormones with
age, nutrition and disease.

Beneficiary is a 38-year-old married male, native and citizen of
Egypt. He was in the United States as an exchange student from
August 28, 1955 to November 24, 1960 when he departed to Cairo,
Egypt to fill the position of head of the Cancer Research Unit, National
Research Center in Cairo, Egypt.

On June 24, 1963 the same petitioner submitted a petition to classify
the beneficiary for status as a first preference alien under section 203
(a)(1) of the Immigration and Nationality Act to fill the same position for which now petitioned under section 101(a)(15)(H)(i). That

petition was approved January 18, 1963 and is valid to July 18, 1964. However, a quota number is not now available. (United States Department of State quota list of January 2, 1964 shows the priority date for the United Arab Republic for first preference applicants is December 26, 1962.)

From a study of all the facts in the case, it is concluded that the position for which the beneficiary's services are sought is of a permanent nature. The petitioner's prior action in filing a petition to accord the beneficiary first preference classification under the quota is indicative of the fact that the petitioner also had so concluded.

The petitioner's urgent need for the beneficiary's services is conceded, and it is regrettable that the oversubscribed condition of the quota to which the beneficiary is chargeable prevents him from obtaining an immigrant visa promptly. However, classification as a nonimmigrant under section 101(a)(15)(H)(i) of the Immigration and Nationality Act was not meant to be a substitute for classification under section 203(a)(1) of the Act, to be invoked when the oversubscribed condition of a beneficiary's quota blocks the prompt issuance of an immigrant visa. The former classification involves work of a temporary nature, while the latter classification is not so restricted. Since the position here involved is of a permanent nature, the petition may not be approved to accord the beneficiary classification under section 101 (a)(15)(H)(i) of the Act (*Matter of M—S—H—*, 8 I. & N. Dec. 460).

The instant petition is clearly an effort to bring the beneficiary to the United States in a nonimmigrant classification to which he is not entitled under the law in order to overcome his inability to obtain an immigrant visa promptly. Under the circumstances, it is concluded that the decision of the District Director was proper and that his decision must be affirmed.

ORDER: It is ordered that the decision of the District Director to deny the petition be and the same is hereby affirmed.