MATTER OF CORTEZ-VASQUEZ

In EXCLUSION Proceedings

A-13656346

*Decided by Board May 19, 1964*

A Mexican national who enters the United States approximately 4 days a week to purchase firewood felled on American ranches and who returns the same day to Mexico where he sells the wood, is admissible as a nonimmigrant visitor for business within the purview of section 101(a)(15)(B), Immigration and Nationality Act.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No valid immigrant visa.

The case comes forward pursuant to certification by the special inquiry officer of his decision dated March 27, 1964 ordering that the alien be excluded and deported from the United States on the ground stated above.

The facts are fully set forth in the decision of the special inquiry officer. The applicant is a native and citizen of Mexico, 43 years of age, male, who seeks admission to the United States with a B-1 classification nonimmigrant visa valid for unlimited applications for admission into the United States until July 7, 1964. His purpose in coming to the United States is to continue to secure firewood from farms and ranches in the area in the United States within 10 to 50 miles of Laredo, Texas.

The applicant comes to the United States usually with one or two partners, in a truck rented by him in Mexico, which is 16′ x 8′ x 6′. The applicant pays the ranchers $2 to $4 for the privilege of gathering trees and brush, which have already been knocked down by the ranchers, and hauling them away. These trees and limbs are widely scattered over the ground although some of the trees are in piles. The applicant gathers useable limbs and trees which he cuts into pieces about three feet long, splitting the larger pieces in two, and with his partners loads them into his rented truck. Occasionally, if he can do so without too much difficulty, he selects wood which has already been placed in piles but generally picks up those trees and limbs which are scattered about.

Three men working together can get a load of wood in about four to five hours and it requires about two to two and one-half hours to go to and from the ranches. He testified that on a usual trip he enters the United States at Laredo, Texas, at three or four o'clock in the morning and returns to Nuevo Laredo, Mexico shortly before five o'clock in the afternoon of this same day. He sells this wood only in Mexico, selling some to the owner of the truck who uses it in his brick plant. It is also sold in the streets from house to house for about one peso for a bundle of four sticks. He averages about 400 to 500 pesos for a load of wood.

The Service attempted to show that because of the benefit to the rancher the wood is practically given to the applicant as payment for removing trees from the farm and ranch lands thus replacing American labor and creating a competitive advantage for the applicant over the United States merchant. A government witness has testified that he has a grocery store in which among other things he handles firewood which he generally sells to persons for burning in their fireplaces or for barbecuing. He stated that he has to pay from $9 to $15 per cord, $15 being the price at the present time. This merchant also testified that he once attempted to procure the wood himself, but because of the wages he had to pay his help, it was not worthwhile. The applicant testified that removing the wood is not necessarily a benefit to the ranchers or farmers and that some are reluctant to sell their wood or to allow it to be removed, preferring it to remain as a mulch or fertilizer.

The special inquiry officer, in his decision states that the applicant is engaged in the activity described for the past five or six months, making about four trips a week and expects to continue this work for an indefinite period. He therefore finds that the business is not temporary but is continued or permanent in nature, and although each visit is temporary, the business is not of a temporary character. He further finds that the applicant is performing labor in the United States at a wage which is far below the standard of wages for American labor and concludes by finding that the applicant has failed to establish that he is a bona fide nonimmigrant and must be considered as an immigrant required to present a valid unexpired immigrant visa. His finding of fact, upon which he predicates inadmissibility, is that the applicant has not shown that the business in which he is engaged is temporary in nature.

Section 101(a)(15)(B) of the Immigration and Nationality Act defines a visitor for business as an alien having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business. The evidence establishes that the applicant has a permanent residence in Mexico which he has no intention of abandoning. The pertinent regulation, 8 CFR

41.25(a), describing temporary visitors for business or pleasure, sets forth that an alien shall be classifiable as a nonimmigrant visitor for business or pleasure if he establishes to the satisfaction of the consular officer that he qualifies under the provisions of section 101(a)(15) of the Act and that: (1) he intends to depart from the United States at the expiration of his temporary stay; (2) he has permission to enter some foreign country upon the termination of his temporary stay; and (3) adequate financial provisions have been made to enable him to carry out the purpose of his visit and to travel to, sojourn in, and depart from the United States. The regulation following, 22 CFR 41.25(b), states that the term "business," as used in section 101 (a)(15)(B) of the Immigration and Nationality Act, refers to legitimate activities of a commercial or professional character. It does not include purely local employment or labor for hire.

This regulation embodies the holding of the Supreme Court in *Karnuth et al* v. *United States ex rel. Albro*, 275 U.S. 231, 241 to the effect that the term "business" as used in section 3(2) of the Act of 1924 was limited in application to intercourse of a commercial character. However the exclusion as to *purely* local employment or labor for hire in the regulation from the term "business" would not appear to preclude local employment or labor for hire which was incidental to legitimate activities of a commercial or professional character of a temporary nature. Significant considerations to be stressed are: that there is a clear intent on the part of the alien applicant to continue the foreign residence and not to abandon the existing domicile; that the principal place of business, and the actual place of eventual accrual of profits, at least predominantly, remains in the foreign country; while the business activity itself need not be temporary, and indeed may long continue, the various entries into the United States made in the course thereof must be individually or separately of a plainly temporary nature in keeping with the existence of the two preceding considerations. *Matter of B— and K—*, 6 I. & N. Dec. 827, 829.

In *Matter of B— and K—*, *supra*, we referred to *Matter of G—*, 6 I. & N. Dec. 255 and *Matter of M—*, 6 I. & N. Dec. 533, in which we cited a number of cases in which application for admission was sought as a nonimmigrant. We noted that sometimes the facts of the case were so intermingled that the question resolved itself into one of degree. *Matter of M—*, 6 I. & N. Dec. 533 was cited by the special inquiry officer in his decision. However, as was pointed out in *Matter of B— and K—*, 6 I. & N. Dec. 827, 830, in view of the considerations of the regularly recurring seasonal nature of the business for an indefinite number of years, the sale of the trees and the conduct of the business solely in the United States, and the accrual of profits entirely within

this country, it was concluded that the applicant's status in that case was not consistent with that of a nonimmigrant for business.

We believe, however, that the distinction set forth in *Matter of B— and K—, supra,* may be applied to the instant case. In the instant case it has been established that the applicant is maintaining a residence in Mexico to which he returns every day. His activity in the United States, which occurs about four times a week and may be expected to continue indefinitely, is nevertheless temporary in character because each day he returns to Mexico, where he will continue to reside and where the profits accrue. The principal business, which consists of purchasing firewood in the United States and hauling it to Mexico, is intercourse of a commercial character and, as has been already set forth, the entries into the United States are individually and separately of a plainly temporary nature in connection with the principal business. The fact that in connection with the business of hauling wood the applicant and his partners are sometimes required to cut the wood into the proper length would appear to constitute legitimate activities incidental to their principal business which is intercourse of a commercial character. There is no contention that the applicant is competing with business in the United States, since it is conceded he sells his firewood only in Mexico. The fact appears to be that the business is of such a nature as not to be attractive or desirable to United States citizens because of the expense involved.

We find that the applicant qualifies as a visitor for business within the provision of section 101(a)(15)(B) and applicable regulations since it is clear that he intends to continue his foreign residence, the principal place of business and the actual place of accrual of profits is in Mexico and, while the business activity may long continue, the various entries into the United States made in the course thereof are individually or separately of a plainly temporary nature since he returns each evening to his home in Mexico. We find that he is engaged principally in intercourse of a commercial character and that the work that he does is minor and incidental to that business. The decision of the special inquiry officer will be reversed.

**ORDER:** It is ordered that the decision of the special inquiry officer dated March 27, 1964 be reversed and that the applicant be found admissible as a nonimmigrant visitor for business.