## MATTER OF VILANOVA-GONZALEZ

### In Deportation Proceedings

### A-12046344

### Decided by Board May 16, 1966

(1) Since the term "business" as used in section 101(a)(15)·(B) of the Immigration and Nationality Act does not include local employment or labor for hire, a nonimmigrant visitor for business who secured a social security number and unauthorized employment on a 40-hour per week basis as a construction worker, which employment is not of a temporary nature, is deportable under section 241(a)(9) of the Act for failure to comply with the conditions of his status.

(2) Where respondent's section 245 adjustment of status, granted in 1960 upon approval of his first United States citizen wife's visa petition to accord him nonquota status, was rescinded in 1965 under section 246 of the Act because the marriage was not bona fide, having been entered into solely to obtain nonquota status, he comes within the provisions of section 204(c) of the Act, as amended by section 4(c) of P.L. 89-236, and is thereby precluded from establishing eligibility for immediate relative status on the basis of his present marriage to a United States citizen.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant, failed to comply with conditions of status.

This case comes forward on appeal from an order entered by the special inquiry officer on January 3, 1966 granting the respondent's request that he be permitted to depart voluntarily from the United States, in lieu of deportation, and directing that if he fails to depart when and as required he be deported to Spain, the country of his nativity, on the charge set forth in the order to show cause. The respondent, a 29-year-old married male, native and citizen of Spain, has resided continuously in the United States since his admission at New York, New York on or about February 9, 1960 as a nonimmigrant visitor for business for a period of six months. (p. 25). Deportation proceedings were instituted against the respondent on September 7, 1965. Several hearings in deportation proceedings were held

at New York, New York between September 15, 1965 and December 7, 1965. The respondent and counsel admitted the truth of the factual allegations set forth in the order to show cause.

The respondent was married to one Edith Garces, a citizen of the United States, at New York, New York on February 24, 1960, approximately two weeks after his admission thereto as a nonimmigrant visitor. A visa petition to accord the respondent nonquota status, executed and filed on his behalf by Edith Garces, was approved by the Service on May 20, 1960 and his application for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act was granted on June 23, 1960. The facts detailing the respondent's becoming the subject of rescission proceedings pursuant to section 246 of the Immigration and Nationality Act on the ground that the marriage contracted between him and the aforementioned Edith Garces on February 24, 1960 had been entered into solely for the purpose of obtaining nonquota status under the Immigration and Nationality Laws and not as a bona fide relationship followed by the special inquiry officer's order dated May 3, 1965 directing that the adjustment of the respondent's status to that of a lawful permanent resident under section 246 of the Immigration and Nationality Act be rescinded have been fully and adequately covered by the special inquiry officer and this Board in prior determinations.

When this case first came before this Board on August 20, 1965, we dismissed the appeal from the order entered by the special inquiry officer on May 3, 1965 directing that pursuant to section 246 of the Immigration and Nationality Act the adjustment of status granted to the alien on June 23, 1960 to that of a permanent resident as provided under Section 245 of the Immigration and Nationality Act be rescinded. Thereafter, the respondent by motion requested rehearing, reargument and reconsideration of our decision of August 20, 1965. The Board denied the motion for rehearing, reargument and reconsideration and the reasons therefor are clearly set forth in our decision of November 1, 1965. A further recital of the remaining facts in this case is not deemed necessary inasmuch as they have been fully and adequately covered by the special inquiry officer and this Board in prior determinations. The points raised by counsel on appeal have been fully and adequately disposed of by this Board in its respective decisions of August 20 and November 1, 1965.

On examination of the record we find the respondent accepted unauthorized gainful employment with the Richfield Construction Corporation as a laborer on or about April 25, 1960. The respondent's employer certified in a communication dated April 25, 1960

611

that the respondent had secured a Social Security number and was employed by them as a construction laborer at a salary of $2.80 per hour. The employer stated the respondent would work a minimum of 40 hours per week and that his employment was not of a temporary nature. The term "business" as used in section 101(a)(15)(B) of the Immigration and Nationality Act means legitimate activities of a commercial or professional character (41.25(b), 22 CFR). The term "business" as used in section 101(a)(15)(B) of the Immigration and Nationality Act does not include local employment or labor for hire. As previously noted, the respondent and counsel admitted the truth of the factual allegations set forth in the order to show cause. On the basis of the evidence present in this record, he is subject to deportation under the provisions of section 241(a)(9) of the Immigration and Nationality Act, in that, after admission as a nonimmigrant under section 101(a)(15) of the Act, he failed to comply with the conditions of such status.

The record shows the respondent was married to one Rosenda Cheures, a citizen of the United States, on June 12, 1965. The respondent's testimony indicates that his wife is pregnant and expects to be delivered of their citizen child within the next several months. It does not appear that the respondent's immigrant status can be adjusted under section 245 of the Immigration and Nationality Act inasmuch as section 4(c) of Public Law 89–236, approved 89th Congress, October 3, 1965, which amends section 204(c) of the Immigration and Nationality Act among other things states that no petition shall be approved if the alien has previously been accorded a nonquota or preference status as the spouse of a citizen of the United States * * *, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. While we are aware of the appealing factors present in this case, we must, on the basis of the evidence present in this record, affirm the decision of the special inquiry officer inasmuch as the respondent has been accorded the only discretionary relief available to him at the present time. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal be dismissed.