MATTER OF UNIVERSITY OF MICHIGAN

In Visa Petition Proceedings

DET-N-3475

*Decided by Regional Commissioner September 28, 1967*

A visiting professor of distinguished merit and ability coming to this country temporarily to fill a temporary vacancy in a permanent staff position (mathematics professor) during the leave of absence for one year of the regular staff professor, is coming to the United States to perform "temporary services" within the meaning of section 101(a)(15)(H)(i) of the Immigration and Nationality Act.

ON BEHALF OF PETITIONER: William J. LeVeque, Chairman
Department of Mathematics
University of Michigan
Ann Arbor, Michigan 48104

This case has been certified for final decision pursuant to the authority contained in Title 8, Code of Federal Regulations, part 103.4.

The petitioner is a well-known university, of established reputation. The Department of Mathematics is in need of a mathematics professor to teach courses during the leave of absence, for one year, of the regular staff professor who is retained on the staff and will return to his teaching position.

The District Director denied the petition on the following ground: "The position for which you seek the services of the beneficiary is a permanent staff position and your desire to employ the beneficiary in that position only for the academic year 1967-68, while Professor McLaughlin is on leave of absence, does not alter the permanent character of the position."

There are five basic requirements for approval of a petition to accord a beneficiary a classification under section 101(a)(15)(H)(i) of the Immigration and Nationality Act. Three requirements relate to the beneficiary and two to the services it is proposed that he perform.

As to the beneficiary, he must be:

(1) An alien having a residence in a foreign country which he has no intention of abandoning;

449

(2) Of distinguished merit and ability; and

(3) Coming to the United States temporarily to perform services of an exceptional nature.

As to the services, they must be:

(1) Of an exceptional nature requiring the special merit and ability of the beneficiary; and

(2) Temporary.

The beneficiary was born in Sofia, Bulgaria, September 14, 1937. He was on June 29, 1966 granted the degree of Doctor of Natural Sciences by the Johann Wolfgang Goethe University at Frankfurt on Main, Germany, "for having proved his scientific competence through his regular course of study and through his very good dissertation 'Extensions of Compact Groups through Abelian Groups' as well as through his very well passed Oral Examination." He has been recommended to the petitioner by senior scholars of international repute, personally known to the staff of the university.

The petitioner has informed us that teachers of higher mathematics are scarce and are in much demand; that the beneficiary is a very promising young German mathematician who will have much added to his training if permitted to spend a period at a major university in the United States; and that the beneficiary will certainly perform a most valuable service as a teacher.

Proof has been furnished that the beneficiary has the required distinguished merit and ability in his field, and that the courses he will instruct will require the use of his skills. That he has a residence abroad which he has no intention of abandoning is conceded. The sole issue before us is whether a visiting professor or instructor of distinguished merit and ability, coming to the United States temporarily, to fill a temporary vacancy in a permanent staff position, may be regarded as coming to the United States to perform temporary services.

It has been held that services of a permanent or continuing nature do not meet the statutory requirement that the services to be performed be temporary (*Matter of M—S—H—*, 8 I. & N. Dec. 460). Not only the visit but the business must be of a temporary character. It has also been held that an otherwise qualified beneficiary coming to a university to teach for an academic year is not disqualified solely by teaching courses listed in the university catalogue when the courses are in the nature of special seminars taught only by distinguished visiting professors or other qualified personnel and are not a permanent part of the curriculum (*Matter of Michigan State University*, 10 I. & N. Dec. 640).

In our decision of September 8, 1966, in *Matter of War Memorial Hospital*, Int. Dec. #1668, we interpreted the statute as applied to a physician needed by the hospital to perform emergency pathological

work when the staff pathologist is away. In that case we noted that the beneficiary was not to occupy the position of hospital pathologist when the staff pathologist is away. He was needed from time to time to perform isolated pathological services which are emergent and could not be delayed until the return of the staff pathologist. While we concluded in that case that the contemplated services were temporary, this interpretation, and other precedents available, does not reach to the issue of the case now before us.

In this case, the regular staff professor, by the terms of his appointment and the nature of his duties as well as the conditions of his leave of absence, will return to his classes. During his absence, it is proposed that these same courses be taught by the beneficiary. Although the teaching functions to be performed by the beneficiary are the same as those performed by the professor whom he is to relieve, he will not be taking over that individual's regular staff position. Therefore, in essence a temporary position has been created for which the beneficiary will provide the necessarily temporary services contemplated by section 101(a)(15)(H)(i), *supra*. Also, in a sense the courses will not be the same. No two distinguished instructors, of the level of skill contemplated by section 101(a)(15)(H)(i) of the Immigration and Nationality Act, bring to the classroom the same materials or the same manner of presentation. It is readily apparent that a diversification of skilled instructors will broaden the educational opportunities of the student body. In interpreting section 101(a)(15)(H)(i) of the Immigration and Nationality Act, as applied to the facts of this position, we believe the services of a qualified instructor relieving another for a temporary period such as one year must properly be held to be temporary services as contemplated by the statute.

The petition will be approved.

*It is ordered* that the petition to accord the beneficiary a classification under section 101(a)(15)(H)(i) of the Immigration and Nationality Act be, and hereby is, approved.