MATTER OF GENERAL DYNAMICS CORP.

In Visa Petition Proceedings

BUF-N-3448

*Decided by Regional Commissioner August 23, 1968*

Notwithstanding the petitioning corporation employs and has a continuing need for the services of electronic design engineers, petition is approved to accord 14 electronic design engineers nonimmigrant classification under section 101(a)(15)(H)(ii), Immigration and Nationality Act, since they are coming to perform "temporary services" within the meaning of that section where their activity in the field of electronic design engineering will be limited to design work on special testing equipment during a critical peak production situation of not more than 6 months duration.

ON BEHALF OF PETITIONER: Joseph F. Shramek, Esquire
General Dynamics Corp.
Electronics Division
1400 North Goodman Street
Rochester, New York 14601

This matter is before the Regional Commissioner on appeal from the decision of the District Director at Buffalo, New York denying the petitioner's request for the services of fourteen electronic design engineers.

The petitioning organization is one of the operating units of General Dynamics and is engaged in the manufacture of military electronics communications equipment. It desires to employ fourteen electronic design engineers of various nationalities for a period of six months. These prospective beneficiaries are presently residing in the Montreal area and are, or have been until recently, employed by Canadair, a Canadian subsidiary of the parent concern of the petitioning organization. The remuneration offered is $98.00 per forty-hour workweek, plus a per diem allowance for living expenses of $14.00. No provision is made in the petition or labor certification for overtime employment. The certification of the Bureau of Employment Security provides for thirty positions for the period of time between June 17, 1968 and December 17, 1968. It identifies the work on which the beneficiar-

ies' services will be employed as the design of automatic electronic test equipment.

In the appeal brief and the oral argument offered in support of this appeal the petitioning organization, through counsel, has furnished supplemental information which discloses that the prospective beneficiaries have no interest in immigrating to this country and that the services of the beneficiaries will be temporarily utilized by the petitioner in the design of special equipment which is called for under two of the several contracts entered into by the Air Force for the development of the F-111 military plane. The beneficiaries of this petition, according to the supplemental information furnished by counsel, will be employees of Canadair and will be paid in Canadian funds at their usual rate of pay under their agreement with Canadair. It is counsel's belief that there will be a monthly inter-divisional accounting for the dollars expended by Canadair and that Canadair will be reimbursed by the Electronics Division of General Dynamics in Rochester, New York. These employees will be, according to counsel's statement, working on the maintenance and support systems which are prime units for the production of ground support systems which are prime units for the production of ground support equipment, test stations, *etc.* for this plane. Counsel further contended that a peak production situation exists which involves critical military procurement related to the F-111 program.

The pertinent portions of the Immigration and Nationality Act which provide for petitions of this type are as follows:

Section 101. (a) As used in this Act—

\* \* \* \* \* \*

(15) The term "immigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens—

\* \* \* \* \* \*

(H) an alien having a residence in a foreign country which he has no intention of abandoning—

\* \* \* \* \*

(ii) who is coming temporarily to the United States to perform other temporary services or labor, if unemployed persons capable of performing such service or labor cannot be found in this country;

In determining whether or not the positions for which the beneficiaries' services are desired are of a temporary or permanent nature certain guidelines have been developed. (*Matter of M—S—H—*, 8 I. & N. Dec. 460, *Matter of Contopoulos*, 10 I. & N. Dec. 654, and *Matter of Kowarski*, 12 I. & N. Dec. 571).

While it is important to know whether the positions are included within the petitioner's regular business operations, it is

more important to ascertain whether the specific services which the beneficiaries will provide are needed for a temporary period or on a continuing basis. In the instant proceeding, the petitioner employs a number of electronic design engineers. He has a continuing need for the services of these engineers but the need for the beneficiaries covered by this petition is of a different nature and is for the very limited period of time of not more than six months. While they will be working in the same field of activity, their work will be limited to design work on special testing equipment during a critical peak production situation. The duration of their employment and the work which will be assigned to them will be on a phase of the project which, by necessity, must be completed within the duration of their stay in the United States. Their services are wanted for a temporary period of time and not on a continuing basis.

From the evidence of record, including the supplemental information furnished by counsel in his brief and during oral argument, it is concluded that the beneficiaries of this petition have residences in a foreign country which they have no intention of abandoning; that they will be coming to the United States temporarily to perform temporary services as electronic design engineers; and, that unemployed persons capable of performing such services cannot be found in this country.

*It is ordered* that this appeal be and the same is hereby sustained.

*It is further ordered* that the petition be and the same is hereby granted.