## MATTER OF NEILL

### In Exclusion Proceedings

### A-19552590

*Decided by Board May 16, 1975*

The applicant in this case is a professional engineer who sought admission to the United States as a visitor for business under section 101(a)(15)(B) of the Immigration and Nationality Act. The applicant is a principal in a firm which employs 55 people and earns about 30 per cent of its income from business in the United States. Applicant makes one or more trips a week to the United States during which he spends some time soliciting business; however the bulk of his time appears to be devoted to consulting with clients and obtaining necessary information from them. Since only a small amount of his time is spent soliciting business, and the majority of his time here appears to be spent in connection with the rendition of his professional services as an engineer, he is in effect extending his professional engineering practice to the United States. He may not, under the classification of temporary visitor for business, extend his professional engineering practice into the United States. Since he has not shown that he qualifies for admission as a nonimmigrant, he is presumed to be an immigrant having no visa, was properly found excludable under section 212(a)(20) of the Act.

EXCLUDABLE:  Act of 1952—Section 212(a)(20) (8 U.S.C. 1182(a)(20))—Immigrant—no visa

ON BEHALF OF APPLICANT:
Seymour Nathanson, Esquire
480 Congress Street
Portland, Maine 04111

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

In a decision dated June 18, 1974, the immigration judge ordered that the applicant be admitted to the United States as a nonimmigrant business visitor. The Immigration and Naturalization Service has appealed from that decision. The appeal will be sustained.

The applicant is a native and citizen of Canada. He is a mechanical engineer by profession, and he appears to be a principal in a Canadian engineering firm which employs approximately 19 engineers and has a total staff of 55 persons. The applicant is married, has children, and owns property in Canada. The record indicates that he has no intention of abandoning his Canadian residence.

The applicant seeks to enter the United States in connection with his engineering practice. As of the date of the hearing, his Canadian firm

was earning approximately 30 percent of its income from clients located in the United States. The firm's activities are evidently limited to providing consultation on engineering problems and to doing the design and drafting work on projects such as the installation and renovation of machinery in paper mills.

Employees of the firm often enter the United States for the purpose of consulting with clients. While in the United States, these employees obtain information about the project on which they are working. Their "on-site" labor is generally limited to the making of notes and drawings, and to the taking of measurements. The drafting and design work is performed in Canada at the offices of the firm. The applicant's firm does not engage in the actual construction or installation of equipment; this work is contracted out by the client.

The applicant spends some of his time in the United States soliciting business; however, the bulk of his time here appears to be devoted to consulting with clients and obtaining necessary information from them. Most of his engineering-related trips to the United States are also of short duration. In the years when his firm first began doing work for United States clients, the applicant evidently made fewer than ten such trips here a year. However, he now travels to the United States more regularly, averaging one or more trips a week in connection with his practice.

The narrow question to be decided here is whether a professional engineer, who regularly travels to the United States in connection with the rendition of his professional services, may qualify as a nonimmigrant business visitor under section 101(a)(15)(B) of the Immigration and Nationality Act. Unless the applicant qualifies for a nonimmigrant status, he is presumed to be an immigrant, and is inadmissible as an immigrant without an immigrant visa. See section 214(b), Immigration and Nationality Act.

The Service's basic position in this case appears to be that the applicant does not qualify as a business visitor because he does not seek to enter *temporarily*. In advancing this position, the Service relies on several cases dealing with temporary workers under section 101-(a)(15)(H), and on several cases dealing with aliens who are coming to the United States to perform work for hire on a regular and continuing basis.

The cases concerning temporary workers, however, are not in point. The Service appears to have construed section 101(a)(15)(H) as requiring that the job for which a temporary worker seeks admission be a job of a temporary character, regardless of the alien's intended length of stay. *Matter of Contopoulos*, 10 I. & N. Dec. 654 (Actg. R.C. 1964); *Matter of University of California Medical Center*, 10 I. & N. Dec. 715 (R.C. 1964); *Matter of M—S—H—*, 8 I. & N. Dec. 460 (R.C. 1959; Asst.

Comm. 1960).. The case law with respect to *business visitors* has established no such requirement, and on the contrary indicates that the business relationship may be of a continuing or long standing nature. The only condition in this respect is that each visit be temporary in duration. See *Matter of Hira*, 11 I. & N. Dec. 824, 827 (BIA 1965, 1966; A.G. 1966); *Matter of Cortez-Vasquez*, 10 I. & N. Dec. 544, 546 (BIA 1964); *Matter of P—*, 8 I. & N. Dec. 206, 207 (BIA 1958); *Matter of M—*, 6 I. & N. Dec. 533, 535 (BIA 1955); *Matter of G—P—*, 4 I. & N. Dec. 217, 221-22 (C.O. 1950).

There is language in several of the "business visitor" cases relied upon by the Service which indicates that the temporary or permanent nature of a job has a bearing on whether an alien's visit can be characterized as temporary. See *Matter of G—*, 6 I. & N. Dec. 255, 256 (BIA 1954); *Matter of L—*, 3 I. & N. Dec. 857 (BIA 1950). However, the precise basis for decision in those cases is not entirely clear, and the results reached are easily explainable under the view that the activities of the aliens could not be considered "business" within the meaning of the statute.

The nonimmigrant business visitor classification contained in section 101(a)(15)(B) must be construed within the framework of the Act. Cf. *Matter of Udagawa*, 14 I. & N. Dec. 578 (BIA 1974). For some time now, Congress has sought to protect American workers from job competition of an undesirable nature. See e.g. section 212(a)(14), Immigration and Nationality Act; section 3, Immigration Act of 1917 (Act of February 5, 1917, 39 Stat. 874, 875-78). This protection clearly extends to members of the professions, as well as to workers who traditionally might be considered skilled or unskilled laborers. See sections 212-(a)(14), 203(a)(3), and 203(a)(6), Immigration and Nationality Act.

In light of this congressional policy, the term "business" as used in section 101(a)(15)(B) has been held not to include ordinary labor for hire, but is limited to intercourse of a commercial character. See *Karnuth v. U.S.ex rel. Albro*, 279 U.S. 231 (1929); *Matter of Hira*, 11 I. & N. Dec. 824 (BIA 1965, 1966; A.G. 1966); *Matter of P—*, 8 I. & N. Dec. 206 (BIA 1958). However, an alien need not be considered a "businessman" to qualify as a business visitor, if the function he performs is a necessary incident to international trade or commerce. *Matter of Hira*, supra; see *Matter of W—*, 6 I. & N. Dec. 832 (BIA 1955); *Matter of R—*, 3 I. & N. Dec. 750 (BIA 1949).

We have concluded that the applicant is not engaged in "business," as that term is used in section 101(a)(15)(B). We recognize that certain activities of a professional character may be considered "business." See *Matter of Vilanova-Gonzalez*, 11 I. & N. Dec. 610, 612 (BIA 1966); *Matter of Sparmann*, 11 I. & N. Dec. 285 (Actg. D.D. 1965). However, the applicant's professional activities in the United States go well be-

yond functions which can be described as necessary incidents to international trade or commerce.

The applicant has indicated that of the portion of his time spent in the United States a minor fraction is devoted to the solicitation of engineering work. The majority of his time here appears to be spent in connection with the rendition of his professional services. These services are not performed as an incident to any international commercial activity, except to the extent that the performance of this service can, itself, be considered an international commercial activity.

The applicant appears to be in the process of extending his professional engineering practice to the United States. Although we would hesitate to call the applicant's services "ordinary labor for hire," he is regularly performing personal services in the United States independent of any other commercial activity. This he may attempt to do as an immigrant or via the nonimmigrant provisions of section 101(a)(15)(H) or of section 101(a)(15)(L). These latter nonimmigrant categories afford some degree of protection for any American workers who might be adversely affected by the applicant's professional practice. See 8 CFR 214.2(h); 8 CFR 214.2(1). The applicant, however, may not establish a regular and continuing professional engineering practice in the United States as a temporary visitor for business.

The decision of the immigration judge was incorrect, and the appeal will be sustained. We note that the exclusion order entered below will act as a bar to the applicant's admission to the United States for a period of one year under section 212(a)(16) of the Act. However, the applicant's good faith and the other circumstances surrounding this case would appear to be favorable factors for consideration in any application for permission to reapply for admission.

**ORDER:** The appeal is sustained, and the applicant is ordered excluded and deported from the United States pursuant to section 212(a)(20) of the Immigration and Nationality Act.

Irving A. Appleman, Board Member, abstained from consideration in this case.