**OHIO STATE UNIVERSITY, d/b/a Ohio State Hospitals, Plaintiff–Appellee,**

v.

**SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellant.**

No. 92–3045.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 13, 1992.

Decided June 8, 1993.

Rehearing and Rehearing En Banc Denied Aug. 4, 1993.

Catherine M. Ballard (argued and briefed), Diane Marie Signoracci, Bricker & Eckler, Columbus, OH, for plaintiff-appellee.

Anthony J. Steinmeyer, Robert D. Kamenshine (argued and briefed), Robert V. Zenar (briefed), U.S. Dept. of Justice, Appellate Staff, Civil Div., Washington, DC, Joseph E. Kane, Asst. U.S. Atty., Columbus, OH, for defendant-appellant.

Before: MARTIN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

The Ohio State University operates a 905–bed acute-care teaching hospital in Columbus, Ohio in conjunction with its medical school. The hospital, administered by the Ohio State's medical school, trains recently graduated doctors, called interns and residents, by having them provide patient care. When Medicare was instituted, the federal government began reimbursing the hospital for medical care provided to patients by these doctors. In 1985, the hospital claimed reimbursement from Medicare in the amount of $765,000 for indirect costs only, which were the overhead costs of its graduate medical program for the provision of patient services. Included in that total was the cost of space, salaries, utilities, supplies, etc. which were related to patient services.

A Medicare intermediary, an entity hired by the Department of Health and Human Services to review cost-reimbursement applications, rejected the hospital's request for reimbursement of indirect costs. Another entity, the Provider Reimbursement Review Board, reversed this decision. Another review followed, and the Deputy Administrator of the Health Care Financing Administration of the Department of Health and Human Services reversed the Review Board's decision, agreeing with the intermediary. Review of the Deputy Administrator's denial of reimbursement was made to the federal district court. The district court granted summary judgment for the hospital, concluding that it was entitled to reimbursement of its costs related to patient care under Medicare. 777 F.Supp. 582. We agree with the district court and affirm.

A resolution of the question before us turns on the interpretation of 42 C.F.R. § 413.85. We are thus again sent into the sea of murky precedents to divine our power to overturn an agency's interpretation of its own regulations.[1] As we read *Whiteside v.*

---

1. Quite frankly, the degree to which courts are bound by agency interpretations of law has been like quicksand. The standard has been constantly shifting, steadily sinking, and, from the perspective of the intermediate appellate courts, frustrating. At first, agency interpretations of law were to be reviewed *de novo*. *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944) ("... interpretations and opinions of the Administrator ... while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment....") However, we have been told to give "some deference" to the interpretation of the agency. *FTC v. Indiana Fed. of Dentists*, 476 U.S. 447, 454, 106 S.Ct. 2009, 2016, 90 L.Ed.2d 445 (1986) ("The legal issues presented ... are ... for the courts to resolve, although even in considering such issues the courts are to give some deference to the [agen-

cy's interpretation].". And we have been told that we are not to follow an agency's interpretation if the agency's interpretation violates the specific language of the law. *Demarest v. Manspeaker*, 498 U.S. 184, 111 S.Ct. 599, 112 L.Ed.2d 608 (1991) ("But administrative interpretation_ of a statute contrary to language as plain as we find here is not entitled to deference."). Finally, we have been told that we are not to overturn an agency's interpretation of law if the agency's interpretation is "reasonable." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., et al.*, 467 U.S. 837, 845, 104 S.Ct. 2778, 2783, 81 L.Ed.2d 694 (1984) (Intermediate court is to determine whether agency's view "is a reasonable one."); *Whiteside v. Secretary of Health & Human Svcs.*, 834 F.2d 1289, 1292 (6th Cir.1987) (The question for the court is "whether the Secretary's interpretation is reasonable, consistent, and persuasive.")

*Secretary of Health & Human Svcs.*, 834 F.2d 1289, 1292 (6th Cir.1987), we are bound by an agency's interpretation of its own regulations unless its interpretation is not "reasonable, consistent, and persuasive." In this case, the Secretary's interpretation of 42 C.F.R. § 413.85 is neither reasonable nor persuasive.

■ As we read the statute, 42 U.S.C. § 1395hh, the Medicare program is designed to reimburse certain reasonable and necessary medical expenses. Educational activities, according to 42 C.F.R. § 413.85, are reimbursable as reasonable and necessary medical expenses if they are: 1) approved programs; 2) contribute to the quality of patient care within a hospital which receives Medicare; and 3) do not redistribute costs from educational institutions to patient care institutions. This issue was resolved precisely in *University of Cincinnati v. Bowen*, 875 F.2d 1207, 1210 (6th Cir.1989). In the present case, as in the *University of Cincinnati* case, the graduate medical program was accredited and contributed to patient care in the university-run hospital. The Deputy Administrator in this case, however, determined that the Hospital's request for reimbursement for certain overhead expenses constituted an unlawful redistribution of costs from the graduate program to the hospital.

In our opinion, the Deputy Administrator's decision was based on an unreasonable and unpersuasive interpretation of 42 C.F.R. § 413.85(c). That regulation provides,

Although the intent of the program is to share in the support of educational activities customarily or traditionally carried on by providers in conjunction with their operations, it is not intended that this program should participate in increased costs resulting from redistribution of costs from educational institutions or units to patient care institutions or units.

As we noted in *Whiteside*, 834 F.2d at 1292, an agency's interpretation of the law binds this court when the interpretation is "reasonable, consistent, and persuasive." Of course, no court has stated how to determine which interpretations of a statute are "reasonable, consistent, and persuasive" and which are not. So, after all these years of debate and after much judicial ink has been spilled, we are back to essentially the

The request for reimbursement for indirect costs, known as overhead expenses outside of government, of its graduate medical program does not constitute a redistribution of costs from the medical program to the hospital. The Department interprets the "redistribution" clause of 42 C.F.R. § 413.85 to mean that costs for patient care, at one time paid by educational institutions but subsequently paid by hospitals, are not reimbursable. The Department's interpretation is neither reasonable nor persuasive because it does not comport with the language of 42 C.F.R. § 413.85(c). The language "educational activities customarily or traditionally carried on by providers in conjunction with their operations" indicates redistribution of kinds of costs, not a temporal redistribution of educational costs. The redistribution clause, therefore, applies to a redistribution of costs from an educational program, such as classroom expenses, to a provider of Medicare medical services. The graduate medical program here does not involve classroom-type expenses, but involves expenses of doctors who are furthering their training by providing medical services. As the district court noted, in finding for Ohio State University,

[T]he plain meaning of [42 C.F.R. § 413.85(c) ] is to authorize reimbursement of all direct and indirect costs related to the kinds of educational activities customarily or traditionally carried on by providers, but to deny reimbursement for costs related to educational activities which are customarily or traditionally carried on by educational institutions, such as medical and nursing schools. The court concludes that the underlying purpose of the redistribution principle is to limit reimbursement to educational costs related to patient care and to deny reimbursement for educational costs unrelated to patient care.

old rule that courts are not bound by agency interpretations of law and that courts are to apply laws based on the court's interpretation of the law's reasonable meaning. This entire process, travelling far without going anywhere, could have been avoided if the executive branch were left to enforce the law and the judicial branch were left to interpret the law.

Contrary to the Secretary's interpretation, the district court's interpretation of 42 C.F.R. § 413.85(c) is certainly reasonable and persuasive.

The costs claimed by the hospital are not a redistribution of educational costs unrelated to patient care. They are a cost of providing patient care and are reimbursable under 42 U.S.C. § 1395hh and 42 C.F.R. § 413.85(g), which allow recovery of costs of providers of medical services relating to patient care.

The judgment of the district court is affirmed.

BOGGS, J., concurs in the result only.