**Lee R. WILSON, et al., Plaintiffs,**

v.

**William French SMITH, Attorney General of the United States, et al., Defendants.**

Civ. A. No. 84–0373.

United States District Court, District of Columbia.

June 29, 1984.

Priscilla Labovitz of Paul S. Allen & Associates, Washington, D.C., for plaintiffs.

Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, Asst. U.S. Atty., and F. Stanley Echols, Sp. Asst. U.S. Atty., Washington, D.C., for defendants; Paul Virtue, Office of General Counsel, U.S. Immigration and Naturalization Service, Department of Justice, Washington, D.C., of counsel.

OPINION

CHARLES R. RICHEY, District Judge.

Before the court are plaintiffs' motion for summary judgment and defendants' motion for summary judgment, or in the alternative, to dismiss. There are no disputed issues of material fact. Plaintiffs, a husband and wife, are seeking a judgment pursuant to 28 U.S.C. § 2201, 8 U.S.C. § 1329, and 28 U.S.C. § 1331 declaring that Teresa Rivas is qualified as a nonimmigrant temporary worker as defined by 8 U.S.C. § 1101(a)(15)(H)(ii):

> The term "immigrant" means every alien except ... an alien having a residence in a foreign country which he has no intention of abandoning ... who is coming temporarily to the United States to perform temporary services or labor, if unemployed persons capable of performing such service or labor cannot be found in this country ...

The court finds that plaintiffs are entitled to approval of their petition for classification of Ms. Rivas as a temporary worker ("H–2") to care for their young child during her toddlerhood, and therefore will grant plaintiffs' motion for summary judgment.

BACKGROUND

Lee and Luz Wilson are a married couple with one daughter, Jennifer, born December 15, 1981. Both plaintiffs work outside their home, including some overtime, and wish to have their daughter cared for at home during her toddlerhood. They tried unsuccessfully to locate a live-in worker to assist with child care, cooking, and housework by advertising in the Washington Post over a three-day period. Ms. Rivas, a Salvadoran national, does similar work for Mrs. Wilson's sister, who lives in El Salvador. Mrs. Wilson, her sister, and Ms. Rivas agreed that Ms. Rivas could come to the United States to help the Wilsons for one year and then return to the sister's employ. (See Sra. de Ayala's December 1982 letter to Mrs. Wilson; Employment Agreement between the Wilsons and Ms. Rivas, January 26, 1983.) On January 26, 1983, plaintiffs filed an application for temporary labor certification on behalf of Ms. Rivas with the Department of Labor ("DOL"), seeking certification that there

were not qualified, willing, and available United States workers to fill the position of temporary housekeeper/child caretaker for the period of the child's toddlerhood.

Certification was denied two months later on the grounds that the job duties were "permanent and ongoing in nature." On April 5, 1983, plaintiffs pursued their claim with the Immigration and Naturalization Service ("INS") by filing a Petition to Classify Alien as a Temporary Worker. That petition was denied by the Acting District Director, on behalf of the Attorney General, on June 7, 1983, because plaintiffs had not shown that the employment would be temporary.

The Wilsons then filed a timely administrative appeal on June 24, 1983. After a substantial delay apparently caused by INS's repeated failure to process plaintiffs' submission,[1] a final decision was rendered on March 15, 1984, affirming the District Director and dismissing the appeal without prejudice. Although critical of the examinations conducted by DOL and the District Director, the Associate Commissioner determined the petitioners did not establish the temporary nature of their need for Ms. Rivas' services. R. at 2.[2] This court, reviewing that conclusion to determine whether it is arbitrary, capricious, or an abuse of discretion, *Richards v. INS*, 554 F.2d 1173, 1177 (D.C.Cir.1977); *Pesikoff v. Secretary of Labor*, 501 F.2d 757, 761 (D.C. Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974), finds that the District Director's decision should have been reversed and the petition for temporary certification should have been granted.

### DEFENDANTS APPLIED THE CORRECT LEGAL STANDARD

■ The standards for temporary labor certification are set out at 8 C.F.R. 214.-2(h)(3)(i):

Either a certification from the Secretary of Labor or his designated representative stating that qualified persons in the United States are not available and that the employment of the beneficiary will not adversely affect the wages and working conditions of workers in the United States similarly employed, or a notice that such a certification cannot be made, shall be attached to every nonimmigrant visa petition to accord an alien a classification under [§ 1101(a)(15)(H)(ii).]

Plaintiffs' petition has been rejected repeatedly—by DOL, by the Acting District Director of INS, and on administrative appeal—for one reason alone: because plaintiffs did not show that the proposed employment would be "temporary." The test for whether a job is temporary as opposed to permanent is "the nature of the *need* for the duties to be performed," *Matter of Artee Corporation*, Interim Decision 2934 (November 24, 1982) (emphasis added). This is a more flexible standard than previously applied under *Matter of Contopoulous*, 10 I & N Dec. 654 (1964), where the focus was on the nature of the *position*, and its permanence, rather than on the duration of petitioner's need. R. at 3.

### DEFENDANTS ABUSED THEIR DISCRETION IN APPLYING THE LEGAL RULE IN THIS CASE

■ Although DOL and INS repeatedly articulated the correct standard from *Artee* for assessing whether a job is "temporary," their obvious reliance on unrelated factors renders defendants' decision arbitrary, capricious, and an abuse of discretion.

Defendants' assertions that plaintiffs are absent from their home only during normal business hours and that they failed to seek a United States worker vigorously enough—by placing more newspaper advertisements or by contacting an employment agency—are simply irrelevant in assessing

---

**1.** Plaintiffs had to resubmit their appeal three times between June 1983 and March 1984, when repeated inquiries revealed that INS could not locate it.

**2.** "R." refers to the administrative record.

the *duration* of their need for child care and household assistance. Similarly, plaintiffs' suspected inability to pay Ms. Rivas the salary stated in the petition, *see* R. at 3, in no way indicates that this is an offer of permanent, as opposed to temporary, employment. The fact that Ms. Rivas currently works for Mrs. Wilson's sister, again, reveals nothing about the Wilson's need for live-in help while their daughter is very young. The court is aware that these factors are legitimate areas of inquiry and concern in deciding whether to grant H-2 visas. They are indications of whether there are "unemployed persons capable of performing such service or labor ... found in this country," § 1101(a)(15)(H)(ii), and are also probative of petitioner's good faith. *See* R. at 3. In this case, however, neither DOL nor INS based its denial on the availability of United States workers or on the existence of bad faith. The injection of these factors tainted defendants' certification denial, purportedly based on a failure to satisfy the "temporary" standard.

Plaintiffs have made a plausible case for their assertion that their need for live-in help is temporary, based on their daughter's youth. Once she is older, they reasonably anticipate that she will sleep through the night more consistently, and they will be willing to place her in a nursery school during the day. The court notes that plaintiffs' definition of "toddlerhood" has varied somewhat during the course of these proceedings. Originally, they sought Ms. Rivas' aid through December 1983, when Jennifer would be two, and now assert that her help is required through December 1984, when as a three-year-old she is likely to be "mature enough to attend nursery school." (Plaintiffs' Points & Authorities in Support of Summary Judgment at 4.)[3] The fact that plaintiffs cannot specify a date on which their need for the duties of a live-in employee will cease does not rob that need of its "temporary" character. The Wilsons have credibly established that their need will end in the "near, definable

future." *Artee*, slip op. at 2. Defendants' denial of plaintiffs' petition to have Ms. Rivas classified as a temporary worker must therefore be reversed as arbitrary, capricious, and an abuse of discretion.

### CONCLUSION

Defendants' denial of plaintiffs' petition to have Ms. Rivas classified as a temporary worker based on their purported failure to establish that the prospective employment was "temporary" must be reversed as arbitrary, capricious, and an abuse of discretion because defendants relied on factors which have no bearing on the duration of plaintiffs' need for live-in child care. Accordingly, the court will issue an order of even date herewith, granting plaintiffs' motion for summary judgment and denying defendants' motion for summary judgment, or in the alternative, to dismiss.

---

**3.** Plaintiffs acknowledge a typographical error in their Brief on Administrative Appeal, in which they asked for help through December 1985. (Memorandum in Opposition to Defendants' Motion at 1.)