The YOUNG CHINA DAILY, Hung–Jen (Henry) Kuo, Plaintiffs,

v.

Lois C. CHAPPELL, Director, Western Service Center, U.S. Immigration and Naturalization Service; Alan Nelson, Commissioner, U.S. Immigration and Naturalization Service; Richard Thornburgh, Attorney General, Defendants.

No. C–88–4081–DLJ.

United States District Court, N.D. California.

April 20, 1989.

---

Kip Evan Steinberg, Simmons, Ungar, Helbush, DiCostanzo & Steinberg, San Francisco, Cal., for plaintiffs.

Sp. Asst. U.S. Atty., Susan L. Kamlet, for defendants.

## ORDER

JENSEN, District Judge.

By their complaint in this action, plaintiffs seek a declaratory judgment that the INS denial of a visa petition filed by plaintiff Young China Daily on behalf of plaintiff Henry Kuo was arbitrary, contrary to law, and an abuse of discretion. Plaintiffs additionally seek an order compelling defendants to confer nonimmigrant temporary worker ("H–1") status upon Henry Kuo pursuant to 8 U.S.C. § 1101(a)(15)(H)(i).

The parties' cross-motions for summary judgment came on for hearing on March 29, 1989. Having considered the pleadings, the parties' memoranda, and the administrative record, and having heard oral argument on the motions, this Court finds that defendants' decision denying plaintiff temporary worker status as a graphic designer was arbitrary, capricious, and an abuse of discretion. For the reasons stated below, plaintiffs' motion for summary judgment is granted and defendants' motion is denied.

## I. BACKGROUND

Plaintiff Young China Daily is a Chinese language newspaper which serves the Chinese community of California. It has a current circulation of approximately 23,000 readers. Plaintiff Henry Kuo is a native and citizen of Taiwan who holds a Bachelor of Fine Arts Degree in Graphic Design from the California College of Arts and Crafts. On December 29, 1986, The Young China Daily filed a visa petition with the Immigration and Naturalization Service (INS) to classify plaintiff Kuo as a temporary worker of "distinguished merit and ability" pursuant to Section 101(a)(15)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(i). Plaintiff Kuo concurrently filed an application for change of nonimmigrant status pursuant to Section 248 of the Immigration and Nationality Act, 8 U.S.C. § 1258.

On March 23, 1987, J.T. Watson, Jr., defendant Chappell's predecessor as Director of the INS' Western Service Center (then known as the Western Adjudication Center), issued a written decision denying plaintiff Young China Daily's petition on the ground that the newspaper had failed to establish that the duties of a graphic designer at The Young China Daily required the services of a member of the professions. Plaintiff filed an appeal from this denial to the INS Administrative Appeals Unit (AAU). On February 11, 1988 the decision of the Western Adjudication Director was affirmed by the AAU. On March 23, 1988, defendant Chappell denied the change of nonimmigrant status application of plaintiff Kuo based on the denial of the underlying H–1 petition.

## II. JURISDICTION AND SCOPE OF REVIEW

The Court has jurisdiction to review the INS decision denying plaintiff's petition to classify the beneficiary as a temporary worker of distinguished merit and ability. 8 U.S.C. § 1329.

The scope of judicial review in cases of denial of a visa petition is limited to a determination of whether the decision was "arbitrary, capricious, or an abuse of discretion, or otherwise not in accordance with law ..." 5 U.S.C. § 706(2)(a); *Occidental Engineering Co. v. INS*, 753 F.2d 766 (9th Cir.1985); *Song Jook Suh v. Rosenberg*, 437 F.2d 1098, 1102 (9th Cir.1971). Abuse

of discretion may be found if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. *Id.* Reliance by the INS on irrelevant factors also renders the decision arbitrary, capricious, and an abuse of discretion. *Wilson v. Smith,* 587 F.Supp. 470 (D.C.D.C.1984).

## III. ANALYSIS

 Henry Kuo is qualified for temporary worker status if he "is of distinguished merit and ability and ... is coming temporarily to the United States to perform services of an exceptional nature requiring such merit and ability..." 8 U.S.C. § 1101(a)(15)(H)(i). One of the ways that the requirement of "distinguished merit and ability" can be satisfied is by a showing that a person is qualified as a member of the professions. *Matter of Essex Cryogenics Industries, Inc.,* 14 I & N Dec. 196 (Comm.1972); accord, *Matter of General Atomic Company,* 17 I & N Dec. 532 (Comm.1980).

 The parties agree that, based on Mr. Kuo's background, he qualifies as a member of the graphic design profession. Defendants denied the petition, however, based on their finding that plaintiffs had not sustained their burden to prove that the duties of the graphic designer position at The Young China Daily required the services of a professional. The position of defendants is flawed, however, by their reliance on irrelevant factors and failure to consider relevant evidence in the record.

### A. *Reliance on Irrelevant Factors*

In its decision, the INS primarily relied on three factors to deny the H-1 visa petition: the size of the plaintiff newspaper, the amount of the proffered salary, and the absence of a prior record of hiring professionals for this position. The INS did not analyze the nature of the duties described on the petition in considering whether or not the position requires a professional. Instead, it erroneously focused on the above mentioned factors.

The AAU decision states that "the proffered salary is not indicative of a profes-

sional occupation." The H-1 petition lists the salary as of January 1, 1987 as $1400 per month, or $16,800 per year. This salary may be below that of many other professionals for reasons unrelated to the professional nature of the work. Small ethnic newspapers struggling to survive financially are often less able to pay high salaries than major newspapers. In any case, this Court has no evidence before it regarding salary scales in the graphic design field on which to base any conclusions.

Similarly, the size of the operation bears no rational relationship to the need for a professional. If the duties of the position constitute the professional duties of a graphic designer, the only possible relevance of "size" would appear to be the need for a full-time designer, but that is not an issue here. From the AAU decision and the government's arguments in this case, it appears that the INS would readily approve an H-1 visa petition for a graphic designer at a major newspaper such as *The San Francisco Chronicle,* with essentially the same job description. The Court finds this to be irrational. Small newspapers need access to the same tools and professional resources which large newspapers require in order to effectively compete in the marketplace. Moreover, many large newspapers hire graphic designers for the same purposes, to perform the same duties, and require the same background as The Young China Daily.

Defendants have argued that there is no evidence that the particular duties of the job offered "are sufficiently complex in nature to require more than merely an individual with some design experience." (Defs.' brief at 10) Defendants apparently believe that the complexities of design duties are determined by the size of an employer, rather than the nature of graphic design work, i.e. the larger the employer, the more complex the work. The Court finds that it is the duties themselves rather than the size of the employer which is relevant. The statute itself enumerates several examples of professions without any qualifying distinctions based on size of operation, 8 U.S.C. 1101(a)(32), and some of

these professionals clearly provide valuable professional services to society working for small volume operations at what might be considered lower end salaries.

Finally, the fact that the newspaper has not hired members of the professions in this position in the past is irrelevant in a case like this, which involves a newly created position. Business needs often change over time and employers may have legitimate business reasons for deciding to hire a professional for the first time. The reliance on these irrelevant factors in denying plaintiff's petition renders the decision arbitrary, capricious, and an abuse of discretion.

### B. Failure To Consider Relevant Factors

The duties of the position were described in a letter from Mr. Peter Hsu, president and publisher of The Young China Daily. This letter was originally submitted in support of the H–1 visa petition and states:

> In his position as a graphics designer with The Young China Daily, Mr. Kuo will be responsible for all of the conceptual design work for the newspaper. Specifically, he will be in charge of art and copy layout and the arrangement of illustrative material and copy based upon available space, knowledge of layout principles and graphic design concepts. In addition, Mr. Kuo will liaise and confer with our advertising clients to ensure that the graphic design, layout and artwork prepared on their behalf meet with their needs and approval prior to final printing.

The description of job duties in this letter is fully consistent with the definition of a professional graphic designer found in the *Dictionary of Occupational Titles* (D.O.T.) published by the Department of Labor (D.O.T. Code 141.061–018). The D.O.T. "contains the most comprehensive, up-to-date occupational information on job duties and requirements in the United States ever assembled in a single volume." D.O.T. Foreward, p. vii (Fourth Edition, 1977). In determining whether or not a particular field qualifies as a profession,

INS has often relied on the D.O.T. in support of its determination. See, e.g., *Matter of Asuncion*, 11 I & N Dec. 660 at 663 (R.C.1966), *Matter of Shin*, 11 I & N Dec. 686, 688 (D.D.1966), *Matter of Saini*, 12 I & N Dec. 20 (D.D.1966), *Hong Kong T.V. Video Program, Inc. v. Ilchert*, 685 F.Supp. 712 at 716 (N.D.Cal.1988). Here, INS failed to consider the responsibilities of the position as described in the record to determine whether or not the position was professional.

The failure of the INS to consider the actual responsibilities of this position as described in the letter from the president and publisher of The Young China Daily was a failure to consider relevant factors and constitutes an abuse of discretion.

The Court finds that plaintiffs have satisfied their statutory burden. Plaintiffs submitted voluminous evidence which demonstrated that 1) the field of graphic design meets the legal prerequisite to be considered a profession 2) a Bachelor of Fine Arts Degree is a minimum prerequisite to enter the graphic design field 3) the graphic designer position at The Young China Daily requires the services of a member of the professions. Plaintiffs' evidence consisted of numerous letters from respected academic institutions, leading graphic design firms, newspapers and one television station.

Defendants relied on irrelevant factors and ignored relevant evidence in denying the petition.

ACCORDINGLY IT IS HEREBY ORDERED:

1. Plaintiffs' motion for summary judgment is granted.

2. Defendants' motion for summary judgment is denied.

3. Judgment shall issue for plaintiffs.

The Immigration and Naturalization Service shall confer temporary professional worker status on Henry Kuo pursuant to Section 101(a)(15)(H)(i) of the Immigration and Nationality Act, 8 U.S.C.

1101(a)(15)(H)(i), and grant his application for change of nonimmigrant status.