12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHINA CHEF, INC., and Lee Meng Tan, Plaintiffs-Appellants,
v.
James A. PUELO, Associate Commissioner of Examinations,
Department of Justice, Immigration and
Naturalization Service, Defendant-Appellee.
 No. 92-2553.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 92-72938; Cohn, J.
 E.D.Mich.
 AFFIRMED.
 Before: MARTIN and RYAN, Circuit Judges: and MATIA, District Judge.*
 PER CURIAM.
 
 
 1
 China Chef, a corporation that operates a restaurant in Ypsilanti, Michigan, petitioned the Immigration and Naturalization Service for an H-1B visa on behalf of Lee Meng Tan, and then sought judicial review of the INS' denial of the petition. China Chef now appeals the district court's grant of summary judgment to the INS and denial of China Chef's motion for reconsideration. For the following reasons, we affirm the district court.
 
 
 2
 China Chef's restaurant, which was established in 1990, employs nine individuals and grossed approximately $250,000 in 1990. Tan, a citizen of Malaysia, entered the United States on a student visa in 1988, and earned a bachelor of business administration degree from Eastern Michigan University in 1990. On April 22, 1991, after offering Tan a temporary position as the restaurant's "manager and treasurer," China Chef filed a petition with the INS for an H-1B visa on Tan's behalf, pursuant to former Section 101(a)(15)(H)(i) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1101(a)(15)(H)(i). That section, which both parties concede was the proper section to apply to the petition, provides for temporary visas for certain aliens of "distinguished merit and ability." One method by which a petitioner can prove that an alien is of distinguished merit and ability is by establishing that an alien is a "member of the professions." 8 C.F.R. Sec. 214.2(h)(4)(i)(A).
 
 
 3
 China Chef submitted to the INS that the position in which it proposed to employ Tan included the following duties: (1) coordinate food suppliers; (2) plan menus and banquet operations; (3) manage personnel; (4) prepare financial reports and budgets; (5) analyze financial operations; and (6) manage "receipt disbursement and custody of funds." On July 17, 1991, the INS Regional Service Center in Lincoln, Nebraska denied China Chef's petition on the ground that China Chef had failed to establish that the proposed position required a member of the professions, or that Tan qualified as a member of the professions. China Chef subsequently appealed this denial to the Administrative Appeals Unit for the Associate Commissioner, INS. On December 17, 1991, the agency dismissed the appeal.
 
 
 4
 Pursuant to 8 U.S.C. Sec. 1329, China Chef brought suit in district court, seeking to overturn the INS' decision as arbitrary and capricious. Both parties filed motions for summary judgment. Initially, the district court stated that it was bound by precedent to uphold the INS' decision unless the court found the agency's construction of the applicable statute to be plainly unreasonable. Ohio v. Ruckelshaus, 776 F.2d 1333, 1339 (6th Cir.1985), cert. denied, 476 U.S. 1169 (1986). The court then credited as reasonable the INS' finding that the duties of China Chef's proposed position most closely resembled those listed in the Department of Labor's "Occupational Handbook" under the title "restaurant manager," and noted that an academic degree is not a minimum requirement for entry into that occupation. Even if the position China Chef had offered Tan did qualify as a profession within the meaning of the Immigration and Nationality Act, the district court added, the INS' conclusion that Tan did not qualify as member of the professions was also reasonable. Noting that Tan possesses only a general degree in business administration and has apparently never worked in a restaurant before, the court specifically distinguished this case from Matter of Sun, 12 I. & N. 535 (Dist.Dir.1966), in which hotel management was deemed a profession, and the petitioner was deemed a member of the professions by virtue of his specialized degree in hotel management and his three years of experience in that field.
 
 
 5
 The district court therefore granted the INS' motion for summary judgment, and China Chef then moved for reconsideration, which was denied. This timely appeal followed.
 
 
 6
 China Chef makes three arguments in support of its contention that the INS' denial of its petition was arbitrary, capricious, and an abuse of discretion. First, China Chef contends that the INS erred in classifying the proposed position as that of a "restaurant manager" rather than that of a "financial manager," which usually does require a degree awarded for academic study in accounting or finance. Second, China Chef maintains that the INS improperly considered the validity of the requirements, as specified by China Chef, of the proposed position and whether other employers in the restaurant industry require employees in analogous positions to hold bachelor's degrees in business administration. In the alternative, China Chef asserts that it did present adequate evidence to establish that a degree requirement is an industry standard for the proposed position. Third, China Chef alleges that the INS, in reviewing the visa petition, erroneously considered the size and scope of China Chef's business and whether China Chef had previously hired professionals in the position in which it sought to employ Tan. We disagree.
 
 
 7
 As this Court has recently held, "we are bound by an agency's interpretation of its own regulations unless its interpretation is not 'reasonable, consistent, and persuasive.' " Ohio State University v. Secretary of Health and Human Services, 996 F.2d 122, 124 (6th Cir.1993) (quoting Whiteside v. Secretary of Health and Human Services, 834 F.2d 1289, 1292 (6th Cir.1987)). Here, we find reasonable the INS' determination that the proposed position was essentially that of a restaurant manager, and that general manager positions are usually not considered "professional" positions requiring a degree. See Matter of Caron International, Inc., 19 I. & N. 791, 794-95 (Comm.1988). Moreover, ample precedent supports an industry standard requirement. See, e.g., Hird/Blaker Corp. v. Slattery, 764 F.Supp. 872, 875-77 (S.D.N.Y.1991) (holding that petitioner had not established that industry standard required engineering degree or its equivalent). We are bound, therefore, by the INS' finding that China Chef failed to show that it is an industry standard for small restaurants to require that their managers hold degrees in business administration.
 
 
 8
 We also believe that the INS acted reasonably in considering the size and scope of China Chef's business. The court in Young China Daily v. Chappell, 742 F.Supp. 552, 554 (N.D.Cal.1989), on which China Chef relies for this allegation of error, made only the narrow ruling that the duties of a graphic designer at a small newspaper do not necessarily differ from those of a graphic designer at a major newspaper. This leads neither to the general conclusion that the skills required to be the manager of a small company are necessarily the same as those required to be a manager at a large company, nor to the specific conclusion that the size of China Chef's business is not relevant to the nature of the duties of its manager. Similarly, contrary to China Chef's assertions, Young China held simply that a business' track record for hiring professionals for a position is irrelevant where the position at issue is a newly created one. Id. at 555. China Chef, by contrast, has operated its restaurant since 1990, and has presented no evidence that it has done so without the services of a restaurant manager. Young China, therefore, does not support the argument that the INS acted unreasonably in considering whether China Chef in the past has consistently hired individuals with business administration degrees in the position in which it sought to employ Tan.
 
 
 9
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation