The BUTTON DEPOT, INC.,
et al.  Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY and United States Citizenship and Immigration Services, Defendants.

No. CV050075FMCCTX.

United States District Court,
C.D. California.

Aug. 18, 2005.

Wade J. Chernick, Wade J. Chernick Law Offices, Encino, CA, for Plaintiffs.

Kevin B. Finn, AUSA—Office of U.S. Attorney, Los Angeles, CA, for Defendants.

## ORDER GRANTING REQUEST FOR DECLARATORY RELIEF

COOPER, District Judge.

This matter is before the Court on Plaintiffs' Complaint for Declaratory Judgment (docket no. 1) pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 2201, filed January 5, 2005.  The Court has reviewed the administrative record, the pleadings, and the parties' memoranda on the matter.  For the reasons and in the manner set forth below, the Court hereby **GRANTS** Plaintiffs' request for declaratory relief and remands this matter to the

California Service Center of the United States Citizenship and Immigration Services ("USCIS") for reconsideration.

## I. Background

On August 12, 2002, Plaintiff The Button Depot ("Button Depot" or "the company") filed a petition for H–1B nonimmigrant visa classification with the appropriate California Service Center ("the Service Center") of the United States Citizenship and Immigration Service ("USCIS" or "the Service"). Button Depot's petition was filed to request H–1B classification in order to employ Plaintiff Wednesday L. Saynes ("Mrs.Saynes") in the H–1B "specialty occupation" of accountant with Button Depot's operations in Los Angeles, California. The documentary evidence Button Depot submitted in support of its petition included copies of Mrs. Saynes' transcripts and the bachelor of business administration degree she completed at the Philippines Christian University; an evaluation of completion of that foreign degree program as equivalent to a bachelor of business administration degree from an accredited university in the United States; and a letter from Button Depot's Controller, explaining that the company sought to employ Mrs. Saynes on the basis of her academic credentials and detailing how Mrs. Saynes' course work in her degree program qualified her to perform the duties and responsibilities of the offered position.[1]

On August 15, 2002, the Service Center issued a Request for Evidence ("RFE"), asking the company to provide additional documentation regarding the company's organizational structure, the nature and duties of the offered accountant position, and Mrs. Saynes' qualifications for that position. In its RFE, the Service Center stated that Mrs. Saynes was not qualified on the basis of her "general business administration degree" from the Philippines.[2] Concluding that Mrs. Saynes did not have "a degree as required by the specialty," the Service asked Button Depot to provide evidence that Mrs. Saynes could qualify for the requested classification on the basis of "education, specialized training, and/or progressively responsible experience."[3]

On November 7, 2002, the Service Center received Button Depot's response to the RFE. In addition to letters from Button Depot and their counsel, the company's response enclosed letters from four professionals with experience in the field of accounting. Each of the letters included a discussion of the appropriate qualifications for hire into a job as an accountant. The main letter from Button Depot specifically responded to the Service Center's RFE comments about the need to demonstrate that Mrs. Saynes possessed the requisite combination of education and experience for employment as an accountant. Button Depot explained its position that "a bachelor's degree holder in Business Administration will possess the neces-

1. The company's letter explained that the job title of the offered position was "Accountant" and would include four "services" or broad job functions, which the company labeled "Accounting services, Tax services, Attestation services, and Consultation services." The company's letter also set out the job duties associated with each of those four functional areas.

2. The Service Center's characterization of the degree as "general" appears to be based on the Service Center's review of Mrs. Saynes'

transcripts, which the Service Center concluded involved completion of "only 3 courses identified as being accounting courses."

3. The RFE went on to explain that since Mrs. Saynes' business administration degree was "not in accounting or a related field, the Service [would] have to make a determination" regarding whether a combination of Mrs. Saynes' training and experience would be equivalent to "the degree required by the specialty occupation."

sary theoretical background in order to commence employment as an Accountant at this particular company."

The additional letters submitted by Button Depot include letters from a senior manager at Ernst & Young, a partner at Pricewaterhouse Cooper and guest lecturer at the Anderson School of Business at UCLA, a licensed CPA with more than 26 years of accounting experience, and the president of a placement agency for accountants and other professionals. Each of these letters set out the writer's qualifications and included among its conclusions a determination that an applicant would be considered properly qualified for the offered position on the basis of having earned a degree in accounting or a related field. Additionally, each letter provider included business administration among the fields he or she listed as related for purposes of hire into a position as an accountant. Moreover, while Button Depot (and some of the other letter providers) referred to the fact that Mrs. Saynes had gained professional experience through prior employment in the field of accounting, each of the letters also explicitly stated both that a bachelor's degree in business administration is among the related fields of study that are appropriate for hire into the offered position and that Mrs. Saynes was qualified for hire into the offered position solely on the basis of her foreign degree.[4]

On November 19, 2002, the Service Center issued a Notice of Decision, denying Button Depot's petition and again stating that a bachelor's degree "in accounting or a related field" was required for the offered accounting position. Additionally, the Service again dismissed Mrs. Saynes' foreign degree as a basis for qualifying her for hire into the occupation of accountant, and the Notice of Denial reiterated that the Service needed to determine whether Mrs. Saynes had "the equivalent of a degree in the specialty occupation" on the basis of a combination of education, training, and experience.

With regard to the documentation the company provided to support its position that Mrs. Saynes was qualified on the basis of her foreign degree, the Service discounted the Button Depot letter and the letter from the president of the professional placement service, simply stating that the letters "are not supported by any factual evidence that indicates that it is normal for an individual with a Bachelor's Degree in Business Administration to be qualified to perform the duties of accountant." Additionally, while acknowledging the Ernst & Young and Pricewaterhouse Cooper professionals as "recognized authorities," the Service indicated that the letters "lack credibility due to the fact that the opinion rendered appeared to be based on inaccurate information concerning the beneficiary'[s] employment."[5] The Ser-

---

**4.** For example, the letter from the Senior Manager at Ernst & Young states that, based on his review of Mrs. Saynes' transcripts, "it is [his] opinion that her course work in such areas as Fundamentals of Accounting, Business Finance, Partnerships and Corporations, Business Statistics, Obligations and Contracts, Business Report Writing, Quantitative Techniques, Business Taxation, Computer Income Taxation, Business Policy, and other related courses, alone, would allow this person to carry out accounting-related tasks for any prospective employer." Similarly, the limited partner at Pricewaterhouse Cooper

indicated that, based on his review of the position description by Button Depot and the academic credentials of Mrs. Saynes, he was of the opinion that "Ms. Saynes' degree in Business Administration, alone, would enable her to commence working as a professional Accountant."

**5.** The employment history discrepancy to which the Service referred was due to the fact that employment verification letters from one of Mrs. Saynes' prior employers incorrectly stated that she had commenced employment with that employer in 1988. The correct initial year of her employment with that employ-

vice Center's denial did not address whether the Service considered the letters for anything other than the mention both letters made of Mrs. Saynes prior employment experience. Specifically, the Service did not address whether the letters were considered in making a determination about whether Mrs. Saynes' foreign degree, evaluated as equivalent to a U.S. bachelor's degree in Business Administration, rendered her qualified for the offered position with Button Depot. Instead, the Service concluded that, because the offered position required a degree in accounting and since Mrs. Saynes held a degree in Business Administration, Button Depot would need to provide evidence that a combination of Mrs. Saynes' education and experience would be considered the "equivalent of a Bachelor's Degree in Accounting or a related field."

On December 20, 2002, the Service acknowledged receipt of Button Depot's application to appeal the Notice of Decision on its petition on behalf of Mrs. Saynes to the Administrative Appeals Office ("AAO"). On appeal to the AAO, Button Depot presented substantially the same argument, together with some updated evidence, in support of its position that Mrs. Saynes qualified for the offered position on the basis of her foreign degree. The company asked that the AAO consider the evidence previously submitted on that issue. While the appeal also included evidence to support that the dates on previously submitted employment verification letters were merely typographical errors, the appeal primarily emphasized Button Depot's request that the AAO and the

Service consider whether Button Depot had met its burden and demonstrated that Mrs. Saynes was qualified for the offered position solely on the basis of her foreign degree.

On July 11, 2004, the Administrative Appeals Office issued its final decision, dismissing the appeal and affirming the Service Center's denial of the petition. The AAO decision explains that the Service Center's denial of Button Depot's petition "was based solely on [Mrs. Saynes'] qualifications to perform the duties associated with that occupation [of accountant]." Accordingly, the AAO indicates that only issue for consideration on appeal was "whether the beneficiary qualifies to perform the duties of a specialty occupation."

The AAO denial cites the U.S. Department of Labor's *Occupational Outlook Handbook* ("the *OOH* ") as establishing that "accountants generally possess at least a bachelor's degree in accounting or a related field." The AAO further acknowledges that Button Depot had submitted the above-referenced "opinion letters" because the company was seeking a determination of whether Mrs. Saynes was qualified for the offered H–1B position on the basis of the U.S. equivalency of her foreign degree. The AAO opinion summarizes the credentials of the letter-writers and some of the contents of the letters.[6] Without further discussion of that evidence, the AAO concludes that "[t]he AAO does not agree with the opinion evidence submitted by the petition in support of its proposition that a degree in business administration

---

er had been 1998. Button Depot submitted evidence that the incorrect date had been a typographical error. The letters from the "recognized authorities" referenced this employment history, but the letters did not indicate that Mrs. Saynes' employment experience was what rendered her qualified for the offered position.

**6.** The AAO also refers to job advertisements Button Depot had submitted as evidence that the offered position qualified as a "specialty occupation" under the H–1B regulations. However, the AAO mischaracterizes these advertisements as purported evidence that Mrs. Saynes is qualified on the basis of her foreign degree.

alone, qualifies an individual to perform the duties of the proffered position."

The AAO takes the position that the agency's review of Mrs. Saynes' transcripts indicates to USCIS and the AAO that Mrs. Saynes' degree does not qualify her to perform the duties of the offered position. As the Service Center concluded in its decision (that the record indicates Mrs. Saynes has four years of experience in accounting) the AAO concludes that Mrs. Saynes does not qualify for H–1B employment as an accountant on the basis of a combination of education and experience in the field. Again referring to the letters from the professionals at Ernst & Young and Pricewaterhouse Cooper, the AAO notes that Button Depot "did submit the aforementioned opinions ... which state that the beneficiary's education alone qualif[ies] her perform the duties of the proffered position ..." Noting that "[t]he backgrounds of both of these learned individuals would qualify them as recognized authorities in the field of accounting," the AAO discounts the opinions as "insufficient" to establish that Mrs. Saynes "has recognition of expertise in the specialty" because the letter providers did not detail their experience in providing authoritative expert opinions or provide copies of or citations to research materials used in forming their opinions.[7] As a result, the AAO concludes that USCIS "cannot ... determine that [Mrs. Saynes] is qualified to perform the duties of the specialty occupation."

On January 5, 2005, Plaintiffs filed their Complaint in this matter, seeking a declaratory judgment that the USCIS denial of Button Depot's visa petition on Mrs. Saynes' behalf was arbitrary, contrary to law, and an abuse of discretion. Plaintiffs additionally seek an order compelling De-

fendants to confer H–1B status on Mrs. Saynes (and H–4 dependent status on her dependent family members) or remanding this matter to USCIS for reconsideration.

## II. Standard of Review

District court review of the denial of a visa petition is limited to a determination of whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ..." 5 U.S.C. § 706(2)(a). *See also Occidental Engineering Co. v. INS,* 753 F.2d 766, 768 (9th Cir.1985) (clarifying that the standard of review in district court permits a finding of abuse of discretion where there is "no evidence to support the decision or if the decision is based on an improper understanding of the law"); *Young China Daily v. Chappell,* 742 F.Supp. 552, 554–55 (N.D.Cal.1989) (finding an abuse of discretion where agency relied on irrelevant factors and failed to consider relevant factors in denying a petition); *Wilson v. Smith,* 587 F.Supp. 470, 472 (D.D.C.1984) (finding agency reliance on irrelevant factors rendered the agency decision violative of the § 706(2)(a) standard).

▄▄▄ As the Ninth Circuit has explained, a determination of whether an agency's action was arbitrary, capricious, or an abuse of discretion must be made on the basis of the administrative record. *Tongatapu Woodcraft Hawaii Ltd. v. Feldman,* 736 F.2d 1305, 1308 (9th Cir. 1984); *accord Northwest Motorcycle Ass'n v. U.S. Dept. Of Agriculture,* 18 F.3d 1468, 1478 (9th Cir.1994) (indicating that while a reviewing court should not attempt to make up for deficiencies in the agency's reasoning or decision, the court may uphold an agency decision "of less than ideal clarity if the agency's path may reasonably be discerned" (internal citation omitted)); *cf. People v. F.C.C.,* 39 F.3d 919, 925 (9th

---

7. This reference to "recognition of expertise in the specialty" is to a requirement in the regulatory provisions regarding qualifying for an H–1B position on the basis of a combination of education and experience.

Cir.1994) (finding that the Court of Appeals must find an agency's action arbitrary and capricious if the record reveals that the agency "failed to consider an important aspect of the problem" or has "offered an explanation for its decision that runs counter to the evidence before [it]" (internal citations omitted)). In *Tongatapu Woodcraft*, the Ninth Circuit concluded that "[i]t seem[ed] clear, then, that the Service retains at least the burden of producing substantial evidence supporting its determination." *Tongatapu Woodcraft*, 736 F.2d at 1309. Additionally, while a district court may not substitute its own judgment for that of the agency, in applying the Section 706(2) standard, the court will properly consider "whether there has been a clear error of judgment by the agency and whether the agency action was based upon a consideration of relevant factors." *Kwan v. Donovan*, 777 F.2d 479, 480 (9th Cir.1985) (citations omitted).

### III. Summary of Applicable Immigration Provisions

Plaintiffs' position is that the AAO decision constituted an abuse of discretion because the Service Center and the AAO relied on irrelevant facts, invoked inapplicable regulatory provisions, and failed to consider relevant evidence in the record regarding Mrs. Saynes' ability to qualify for the offered "specialty occupation" position by virtue of the U.S. degree equivalency of her foreign degree in business administration.

Button Depot filed its nonimmigrant visa petition with USCIS in order to obtain an immigration benefit that would permit Button Depot to temporarily employ Mrs. Saynes in an H–1B "specialty occupation"

as an accountant. Under what is essentially a two-prong test, a successful H–1B petitioner must demonstrate both that the offered *position* qualifies as a specialty occupation and that the foreign national *beneficiary* meets the requirements for hire into that specialty occupation. 8 U.S.C. § 1101(a)(15)(H)(i)(b).

*The First Prong:* The statutory requirements for establishing that the offered position qualifies as an H–1B specialty occupation include three alternatives: (1) attainment of full state licensure in the occupation where such licensure is required, (2) completion of a bachelor's or higher degree in the "specific specialty (or its equivalent)" as a minimum for entry into the occupation in the United States, or (3) "experience in the specialty equivalent to the completion of such a degree" coupled with "recognition of expertise in the specialty through progressively responsible positions relating to the specialty." 8 U.S.C. § 1184(i)(1)-(2).

In the instant case, both the Service Center and the AAO acknowledged that Button Depot's petition and supporting documentation established that the company sought to employ Mrs. Saynes in an H–1B "specialty occupation" as an accountant. However, Defendants denied the petition based on their finding that Button Depot had not sustained its burden of proving that, under the second prong of the H–1B test, Mrs. Saynes was qualified for hire into that specialty occupation.

*The Second Prong:* The agency's H–1B regulations provide that a foreign national beneficiary must meet one of four criteria "to qualify to perform services in a specialty occupation." [8] 8 C.F.R.

---

**8.** The four criteria include:
  (1) Hold a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

  (2) Hold a foreign degree determined to be equivalent to a United States baccalaureate or higher degree required by the specialty occupation from an accredited college or university;

§ 214.2(h)(4)(iii)(C). Separate and additional criteria provide options by which a determination can be made whether a beneficiary's "education, specialized training, and/or progressively responsible experience" (the fourth of the four alternative criteria for qualifying for employment in a specialty occupation) is equivalent to completion of an appropriate degree. 8 C.F.R. § 214.2(h)(4)(iii)(D). Those options include "[a] determination by the Service that the equivalent of the degree ... has been acquired through a combination of education, specialized training, and/or work experience in areas related to the specialty and that the alien has achieved recognition of expertise in the specialty occupation as a result of such training and experience." 8 C.F.R. § 214.2(h)(4)(iii)(D)(5). Further regulatory guidance indicates that the "recognition of expertise" that is required for a determination that the beneficiary is qualified on the basis of education plus experience (the "education plus experience" standard or criterion) may be established by recognition "by at least two *recognized authorities*" in the specialty occupation. 8 C.F.R. § 214.2(h)(4)(iii)(D)(5)(*I*) (emphasis added).[9]

After establishing that Button Depot sought to offer Mrs. Saynes employment in the specialty occupation of accountant, the AAO decision cites to the *OOH* determination that "accountants generally possess at least a bachelor's degree in accounting or a related field." (CAR 00003).

Further, the AAO acknowledges that "[t]he petitioner seeks to qualify the beneficiary by establishing that the beneficiary meets the requirements of 8 C.F.R. § 214.2(h)(4)(iii)(C)(2)," which establish that a foreign national beneficiary is qualified under the second prong of the H–1B test if the beneficiary holds a foreign degree that has been determined to be equivalent to a U.S. bachelor's degree or higher required for the specialty occupation. Accordingly, using the *OOH* standard to which the AAO cites, a key issue to be determined was whether Mrs. Saynes held a bachelor's degree in "a related field" such that it would qualify her for employment as an accountant under the second prong of the H–1B test.

## IV. Discussion

The question before the Court is whether Defendants' denial of Button Depot's petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" under 5 U.S.C. § 706(2)(a). On the basis of the administrative record in this matter, the Court finds Plaintiffs are entitled to declaratory relief because the Defendants' treatment of the second prong of the H–1B test constitutes an abuse of discretion. The agency's denial of the petition appears to be based on an improper understanding and application of the law, and the record reveals that the Defendants failed to consider an important aspect of a key issue in the case-namely Mrs. Saynes' ability to

(3) Hold an unrestricted State license, registration or certification which authorizes him or her to fully practice the specialty occupation and be immediately engaged in that specialty in the state of intended employment; or
(4) Have education, specialized training, and/or progressively responsible experience that is equivalent to completion of a United States baccalaureate or higher degree in the specialty occupation, and have recognition of expertise in the specialty through

progressively responsible positions directly related to the specialty occupation.
8 C.F.R. § 214.2 (h)(4)(iii)(C)(1)-(4).

9. The definitions for the H–1B regulations set out requirements for establishing that a person is such a "recognized authority," and these include an explanation by the letter writer of his or her experience in providing such opinions and copies of or citations to research used in the formation of the opinion. 8 C.F.R. § 214.2(h)(4)(ii).

qualify for the offered specialty occupation solely on the basis of the U.S. equivalency of her foreign degree in business administration.

***Improper Understanding and Application of the Law:*** The H–1B regulations clearly state that a beneficiary's qualifications need satisfy only one of the four alternative criteria set out at 8 C.F.R. § 214.2(h)(4)(iii)(D). Defendants acknowledged that Plaintiffs sought a determination of whether Mrs. Saynes was qualified for the offered accountant job solely on the basis of the U.S. equivalency of her foreign degree in business administration. In fact, Button Depot informed the Service Center that the company was aware that Mrs. Saynes' employment experience was not sufficient to qualify her for H–1B status and that the company did not seek a determination of her qualifications on the basis of the "education plus experience" standard. However, the AAO's denial of Button Depot's petition, as well as much of the analysis presented in the Service Center correspondence with Button Depot, extensively cite to and rely on regulatory provisions relating to qualifying on the basis of the "education, training, and/or progressively responsible experience" standard. As a result, the agency decisions in the record fail to consider or articulate how or why Mrs. Saynes' degree in business administration does not satisfy the "related field" requirement for the foreign degree equivalency criterion.

Additionally, neither the Service Center nor the AAO indicate the statutory or regulatory authority for their evaluation of Mrs. Saynes' transcripts to determine that she had only completed three relevant courses as part of her business administration program. The AAO refers to 8 C.F.R. § 214.2(h)(4)(iii)(D)(5) as the authority for USCIS to make its own determination about a beneficiary's qualifications. However, the regulatory provisions to which the AAO cites and from which it quotes only apply if the determination of a beneficiary's qualification to perform services in a specialty occupation is based on the "education plus experience" alternative. Thus, the AAO's ensuing discussion, which determines that the employment verification letters regarding Mrs. Saynes' related experience in accounting are not sufficient to establish her eligibility on the basis of her employment experience, is irrelevant.

Moreover, the AAO's further analysis of the evidentiary value and weight of the letters provided by the "recognized authorities in the field of accounting," is misplaced. The AAO concludes these opinions as insufficient "to establish that the beneficiary has recognition of expertise in the specialty." Here again, the AAO is referring to language in the regulations governing a determination of degree equivalency based on a combination of education and employment.

Accordingly, the fact that the AAO appears to apply unrelated regulatory provisions compels a finding that the agency did not properly understand and apply the relevant standards in rendering its decision.

Finally, the AAO's reasoning and use of authority in support of its position that it "does not agree with the opinion evidence" on the issue is somewhat misleading on two fronts. First, the AAO is correct that the Board of Immigration Appeals ("BIA") decision in *Matter of Michael Hertz Associates* includes the proposition that "a degree of generalized title, such as business administration or liberal arts, without further specification, does not establish eligibility." However, the decision deals with whether a generalized degree requirement is sufficient to render an occupation a "professional" occupation for a visa requirement similar to the H–1B "specialty

occupation" standard. 19 I. & N. Dec. 558, 560 (Comm.1988). Therefore, the decision is primarily probative of the first prong of the H–1B test, and that is not at issue in the instant case. Second, in discounting Button Depot's "opinion evidence," the AAO also points to *Matter of Ling* on the issue of whether a beneficiary's specific course work may qualify him or her for employment in a "professional occupation." In *Matter of Ling,* the BIA agrees that "a business administration graduate may qualify for several professional occupations but not all professions in the general field of business. A person would have to take courses, or gain[ ] knowledge (considered to be a realistic prerequisite), in a particular occupation or profession in the field of business administration and designated by him as the profession in which he seeks preference classification." 14 I. & N. Dec. 35, 38 (Reg.Comm.1968). Rather than apply the *Matter of Ling* inquiry to Mrs. Saynes' academic degree and the Plaintiffs' "opinion evidence" about the whether the knowledge Mrs. Saynes gained in earning that degree is "considered to be a realistic prerequisite" for the offered position, the AAO inexplicably returned to its conclusion that the agency's own review of Mrs. Saynes' transcripts did not reveal that she had completed appropriate course work. As discussed above, the Defendants failed to demonstrate that their independent evaluation of Mrs. Saynes' transcripts was warranted under the applicable statutory or regulatory provisions.

Therefore, the Defendants' denial of Button Depot's petition is based on an improper understanding of the applicable law because the agency failed to make a determination of whether the U.S. equivalency of Mrs. Saynes foreign degree in business administration qualifies under 8 C.F.R. § 214.2(h)(4)(iii)(D)(2) as a degree "required by the specialty occupation" of accounting.

***Failure to Consider Evidence in the Record:*** In the instant case, Defendants failed to demonstrate that the denial of Button Depot's petition was based on a consideration of the relevant factors and the evidence in the administrative record. The AAO simply stated that it "does not agree" with the considerable evidence Plaintiffs submitted on the key issue of Mrs. Saynes' ability to qualify for the offered specialty occupation solely on the basis of the U.S. equivalency of her foreign degree in business administration. This further supports a finding of an abuse of discretion by Defendants. *See Young China Daily,* 742 F.Supp. at 554–55 (finding an abuse of discretion and characterizing the Service's failure to consider the petitioner's letter and additional letters from professionals involved in the occupation as "a failure to consider relevant factors" in rendering its decision).

As discussed above, the AAO's misapplication of the regulatory provisions as the basis for discounting the "opinion evidence" of two of the "recognized authorities in the field of accounting" was error. Similarly, the AAO did not indicate any authority or basis for its conclusion that it "does not agree with the opinion evidence submitted by the petitioner." The AAO's action in this regard is arbitrary and an abuse of discretion.

This error resulted in a failure to consider Button Depot's own letter and the detailed letters the company submitted from four professional individuals in the industry. These letters all detailed Mrs. Saynes' ability to qualify for the offered position solely on the basis of her foreign degree in business administration. Each letter indicates that Business Administration is, in fact, a "related field" such that it qualifies Mrs. Saynes for employment in the specialty occupation of Accountant. At least two of the letters specifically detail

each of the relevant courses Mrs. Saynes completed and why the knowledge gained by Mrs. Saynes in completing those courses is considered the type of "realistic prerequisite" *Matter of Ling* indicates a holder of a business administration degree must demonstrate to qualify for H–1B employment in "a particular occupation or profession in the field of business administration." 13 I. & N. Dec. at 38. The AAO does not discuss the weight or sufficiency of these letters as evidence. Rather, the decision simply states that "[t]he AAO does not agree with the opinion evidence" in support of the proposition that "a degree in business administration alone[ ] qualifies an individual to perform the duties of the proffered [accountant] position." (CAR 0004).

Finally, similar to the determination in *Wilson,* 587 F.Supp. at 472–73, (that the denial of a temporary certification for non-immigrant employment was arbitrary, capricious, and an abuse of discretion because the responsible agencies relied on "unrelated facts" to assess the duration of the petitioners' need to employ a temporary worker), the Defendants in the instant case repeatedly emphasized the nature, duration, and credibility of Mrs. Saynes' previous employment experience in determining that she is not qualified for the offered position. This reliance on unrelated factors appears to have distracted Defendants from making a determination about the key issue of whether Mrs. Saynes' foreign degree alone might qualify her for hire into the offered H–1B position and caused Defendants to ignore relevant, probative evidence in the record.

Therefore, while the petitioner has the burden to establish that both prongs of the H–1B test are satisfied, the Defendants abused their discretion in making their determination that the Plaintiffs' evidence did not meet that burden.

## V. Conclusion

The Court hereby **GRANTS** Plaintiffs' Request for Declaratory Relief and remands this matter to Defendants for reconsideration. Plaintiff is ordered to submit a proposed judgment for the Court's signature within 10 days.