**FRED 26 IMPORTERS, INC. and Christine Sagmit, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY and United States Citizenship and Immigration Services, Defendants.**

No. CV 05–03477 DDP.

United States District Court, C.D. California.

Aug. 23, 2006.

---

Wade J. Chernick, Wade J. Chernick Law Offices, Encino, CA, for Plaintiff.

Jonathan B. Klinck, AUSA–Office of U.S. Attorney Civil Division, Los Angeles, CA, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

PREGERSON, District Judge.

This matter comes before the Court on cross motions for summary judgment filed by the defendants and the plaintiffs. After reviewing the parties' arguments, the Court grants the plaintiffs' motion and denies the defendants' motion.

### I. Background

Fred 26 Importers, Inc. ("Fred 26") and Christine Sagmit ("Sagmit") (collectively the "plaintiffs"), bring this action against the United States Department of Homeland Security and the United States Citizenship and Immigration Services ("USCIS," collectively the "defendants"). The plaintiffs allege that the USCIS erred in denying Fred 26's application for an H–1B visa filed on behalf of Sagmit.

#### A. *H–1B Visa Application*

An employer may file an H–1B visa petition on behalf of an alien worker. 8 U.S.C. § 1184(c). Qualified non-immigrant aliens may temporarily come to the United States to perform services in a specialty occupation. 8 U.S.C.

§ 1101(a)(15)(H)(i)(b). A specialty occupation is defined as an occupation that requires:

(A) theoretical and practical application of a body of highly specialized knowledge and

(B) attainment of a bachelor's or higher degree in a specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

8 U.S.C. § 1184(i)(1); *see also* 8 C.F.R. § 214.2(h)(4)(ii).

To qualify as a specialty occupation, the position must meet one of the following criteria:

(1) a bachelor's or higher degree or its equivalent is normally the minimum requirement for entry into the particular position,

(2) the degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree,

(3) the employer normally requires a degree or its equivalent for the position, or

(4) the nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a bachelor's or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

Petitions for H–1B visas are filed with the USCIS Service Center with jurisdiction in the area where the alien will work. 8 C.F.R. § 214.2(h)(2)(i)(A).

### B. *Fred 26's Application to Employ Sagmit as a Human Resources Manager*

Fred 26 imports and exports kitchenware and household items. The company has twelve employees and recently reported gross revenues of $4 million. (Certified Administrative Record ("CAR") 284.) On November 1, 2002, Fred 26 filed an application with the USCIS California Service Center ("CSC") in order to employ Sagmit as a temporary H–1B "specialty occupation" worker under 8 U.S.C. § 1101(a)(15)(H)(i)(b). Specifically, Fred 26 sought to employ Sagmit as a human resources manager. As part of its application, Fred 26 filed various forms required by the USCIS, including a letter from Fred 26 and a credential evaluation stating that Sagmit's foreign degree is equivalent to a bachelor's degree in human resources management. (CAR 284–286; 290–291.)

On May 13, 2003, the CSC sent Fred 26 a notice requesting a more detailed description of the human resources manager position and an explanation for why the work requires the services of an individual with a college degree in the occupational field. The CSC also requested evidence that the human resources manager position meets one of the four criteria listed in 8 C.F.R. § 214.2(h)(4)(iii)(A). (CAR 37–40.) Fred 26 submitted additional materials in response to CSC's request, including letters from Fred 26's counsel, Fred 26's president, John Remington, a professor at the Industrial Relations Center in the Carlson School of Management at the University of Minnesota, and Jed DeVaro, a professor of labor economics at the School of Industrial and Labor Relations at Cornell University.[1] (*Id.* 41–47; 83–102.)

---

1. Fred 26 also submitted: (1) its tax returns for 2001 and 2002 (CAR 177–209); (2) wage records for its employees (*Id.* 210–211); (3) its organizational flowchart (*Id.* 171–176); (4) a copy of Sagmit's I–94 (*Id.* 253–54); (5) a copy of the Department of Labor's Occupational Outlook Handbook (*Id.* 51–62); and (6) human resource manager job postings for other companies (*Id.* 115–137).

The letter from Fred 26's counsel argued that the human resources manager position requires the services of a degree holder. (*Id.* 41.) In support, Fred 26's counsel cited the Department of Labor's Occupational Outlook Handbook, which states in part that "[m]any employers prefer applicants [for human resource positions] who have majored in human resources, personnel administration, or industrial labor relations." (*Id.*)

Fred 26's president explained in his letter that the human resources manager will be responsible for (1) carrying out recruitment campaigns; (2) drafting a policy manual covering issues such as insurance coverage, company policies and termination information; (3) creating professional development programs; and (4) formulating policies on issues such as employee standards and wage administration. (*Id.* 45–47.)

Professors Remington and DeVaro stated that, in their opinion, based on their research, businesses of varying sizes retain the services of a degreed human resources manager. (*Id.* 87, 92.) After reviewing the letters submitted by Fred 26, both professors stated that, in their opinion, based on their experience and research, the human resources manager position requires writing, research, analytical and supervisory skills acquired in a bachelor's degree in an area such as human resources. (*Id.*) Therefore, both professors concluded that the human resources manager position at Fred 26 necessitates a bachelor's degree in human resources management, business administration, communications or related social science fields. (*Id.*)

C. *CSC's Denial of Fred 26's Application*

On December 22, 2003, the CSC Director denied Fred 26's petition. The CSC Director noted that a human resources manager in a large company often qualifies as a specialty occupation because the nature of the manager's duties in a larger company necessitates a degree in human resources or a related field. (CAR 35.) The CSC Director found, however, that the duties of the position at Fred 26, a small company, "appear to be routine" and are "primarily administrative." (*Id.*) Therefore, the Director concluded that a personnel clerk can perform the duties and that the position does not qualify as a specialty occupation under the first criterion of 8 C.F.R. § 214.2(h)(4)(iii)(A). The CSC Director also held that the position does not qualify as a specialty occupation under the other criteria of 8 C.F.R. § 214.2(h)(4)(iii)(A).

In January 2004, Fred 26 filed a Notice of Appeal from the CSC Director's decision. On appeal to the Administrative Appeals Office ("AAO"), Fred 26 argued that the job duties of the position demonstrate that it is a human resources position as opposed to a personnel clerk position. (*Id.* 19–22.) Fred 26 argued that the CSC Director failed to consider the description of the human resources manager position in the OOH and the letters submitted by Professors Remington and DeVaro, all of which demonstrate that a bachelor's degree in human resources or a related field is the normal minimum requirement for entry into the human resources manager position. (*Id.*)

On February 28, 2005, the AAO dismissed Fred 26's appeal. The AAO found that the duties of the position require the services of a human resources manager. (CAR 4–5.) The AAO concluded, however, that the position does not meet the requirements of a specialty occupation under 8 C.F.R. § 214.2(h)(4)(iii)(A). (*Id.* 5–6.)

For the first criterion in 8 C.F.R. § 214.2(h)(4)(iii)(A), the AAO noted that the Citizenship and Immigration Services

interprets the term "degree" to mean a degree "in a specific specialty that is directly related to the proffered position." (*Id.* 3; *see also* 8 U.S.C. § 1184(i)(1); 8 C.F.R. § 214.2(h)(4)(ii).) The AAO cited the OOH and the letters from the two professors. The OOH states that employers prefer applicants for human resource positions who majored in human resources, personnel administration or industrial labor relations. (CAR 5.) The two professors stated that the position necessitates a bachelor's degree in human resources management, business administration, communications or related social science fields. (*Id.*) Therefore, the AAO concluded, the evidence does not establish that a bachelor's degree in a specific specialty is the normal minimum requirement for a human resources manager. *See* 8 C.F.R. § 214.2(h)(4)(iii)(A).

The AAO also concluded that the position does not meet the other three criteria in § 214.2(h)(4)(iii)(A). Specifically, the AAO found that the record fails to establish that the specific duties of the position are so specialized and complex that the knowledge required to perform them is usually associated with a bachelor's degree. (CAR 6.)

The AAO decision is the final agency decision, and therefore, the decision subject to review under the APA.

## II.  Discussion

### A.  *Legal  Standard  for  Summary Judgment*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" on that issue. Fed.R.Civ.P. 56(c). In determining a motion for summary judgment, all reasonable inferences from the

evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Thus, the "mere existence of a scintilla of evidence" in support of the nonmoving party's claim is insufficient to defeat summary adjudication. *Id.* at 252, 106 S.Ct. 2505. A moving party who bears the burden of proof at trial is entitled to summary adjudication only when the evidence indicates that no issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party does not bear the burden of proof at trial, he is entitled to summary judgment if he can demonstrate that "there is an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party meets its burden, the burden shifts to the nonmoving party resisting the motion for summary judgment, who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505.

### B.  *Judicial Review of Administrative Decision*

Judicial review of the denial of an H–1B visa petition is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706. A reviewing court must set aside agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The court must base its determination on the administrative record. *Tongatapu  Woodcraft  Hawaii,*

*Ltd. v. Feldman,* 736 F.2d 1305, 1308 (9th Cir.1984).

In reviewing an agency's decision under the arbitrary and capricious standard, the court must determine whether the agency based its decision on a consideration of the relevant factors, and whether the agency made a clear error of judgment. *N.W. Motorcycle Ass'n v. U.S. Dep't. Of Agric.,* 18 F.3d 1468, 1471 (9th Cir.1994) (quotation omitted). In order to uphold an agency decision under the arbitrary and capricious standard, the court must find that the evidence before the agency provided a rational and ample basis for its decision. *N.W. Motorcycle,* 18 F.3d at 1471.

## C. The AAO's Decision

The defendants argue that the Court should issue summary judgment in their favor, because the administrative record supports the AAO's decision to deny the petition. (Defs.' Mot. 7.) The plaintiffs argue that the letters from Professors Remington and DeVaro and the description of the position in the OOH establish that the human resources manager position is a specialty occupation as defined in the first and fourth criteria in 8 C.F.R. § 214.2(h)(4)(iii)(A). Therefore, the plaintiffs contend, the AAO's denial of the petition constitutes an abuse of discretion. (Pls.' Mot. 19–20.)

1. *First Criterion: Whether a Bachelor's Degree is Normally the Minimum Requirement for Entry into a Human Resources Manager Position*

The AAO found that the evidence did not establish that a bachelor's degree in a specific specialty is the normal minimum requirement for a human resources manager. (CAR 5.)

The plaintiffs rely on *Matter of Caron,* 19 IN Dec. 791, 793 (BIA 1988) and contend that 8 C.F.R. § 214.2(h)(4)(iii)(A)(1) only requires that a bachelor's degree in a narrow range of disciplines constitute the normal minimum requirement for entry into the position.[2] (Pls.' Mot. 13.) In support, the plaintiffs note that Professors Remington and DeVaro stated that the human resources manager position requires a degree in human resource management, business administration or related fields in the social sciences. (*Id.*) The plaintiffs also cite the OOH, which states that "[m]any employers prefer applicants [for human resource positions] who have majored in human resources, personnel administration, or industrial labor relations." (CAR 41.) The plaintiffs further note that the OOH recognizes that in many other occupations, degrees in related areas will constitute the minimum requirement for entry into the position. (Pls.' Mot. 14.)

a. *Administrative Record Does Support the AAO's Decision Regarding First Criterion*

It appears from the record that the AAO provided a rational and ample basis for its decision regarding the first criterion. *See N.W. Motorcycle,* 18 F.3d at 1471. A "specialty occupation" is defined as the attainment of a bachelor's degree in a specific specialty. *See* 8 U.S.C. § 1184(i)(1); 8 C.F.R. 214.2(h)(4)(ii). Therefore, the AAO held that the term "degree" in 8 C.F.R. § 214.2(h)(4)(iii)(A) means a degree in a specific specialty that directly relates to the proffered position. The AAO found that the description of the position in the OOH and the letters submitted by Professors Remington and DeVaro all demonstrate that the position requires a degree in human resources or a related field.

---

**2.** The plaintiffs' reliance on *Caron* is misplaced, as *Caron* did not address the meaning of a "specialty occupation" in the context of 8 C.F.R. § 214.2(h)(4)(iii)(A).

Therefore, the AAO reasoned, the position does not require a degree in a specific specialty.

The Court notes that the CSC Director held that, in a large company, the human resources manager position will often qualify as a specialty occupation because "the nature of the duties [are] such that only a person with a degree in Human Resources or a related field would be capable of performing the required duties." (CAR 35.) This suggests that a degree in a limited range of fields may qualify as the minimum requirement for entry into a position. However, the AAO provided a rational basis for its decision. Accordingly, the Court will not set it aside.

2. *Fourth Criterion; Whether Nature of the Specified Duties is So Specialized and Complex that Knowledge Required to Perform the Duties is Usually Associated with the Attainment of a Bachelor's Degree or a Higher Degree*

The AAO found that the record fails to establish that the specific duties of the position are so specialized and complex that the knowledge required to perform them is usually associated with a bachelor's degree. (CAR 6.)

The plaintiffs contend that the letters from Professors Remington and DeVaro establish that the job duties are sufficiently complex. (Pls.' Mot. 15–16.) Both professors stated that the human resources manager position requires writing, research, analytical and supervisory skills acquired in a bachelor's degree in an area such as human resources management. (CAR 87, 92.)

a. *Administrative Record Does Not Support the AAO's Decision Regarding the Fourth Criterion*

■ The reviewing court may find an abuse of discretion when there is "no evidence to support the decision or if the decision is based on an improper understanding of the law." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 768 (9th Cir. 1985). The record reveals that the AAO failed to provide evidence in support of its decision, and failed to consider crucial evidence submitted by Fred 26.

For the fourth criterion, the defendants argue that the AAO based its decision on a determination that, due to Fred 26's small size, the duties for the human resources manager position are not sufficiently specialized or complex such that knowledge required to perform the duties is usually associated with attainment of a bachelor's degree. (Defs.' Mot. 9.) The record does not support the defendants' argument. The Court finds that the AAO provided no basis for its decision. The AAO did not cite any evidence in support of its conclusion. It did not discuss the specific job duties of the position, why the duties are not specialized or complex, or why the size of the company impacts the nature of the job duties. Rather, the AAO merely reiterated the criterion and then stated that the position does not meet the requirement. The conclusory nature of the AAO's finding provides no basis on which the Court can evaluate the decision.

The AAO also failed to consider the letters submitted by the professors with regards to the fourth criterion. The professors stated that the nature of the job duties, rather than the size of the company, determines whether a position requires a degree in the area of human resources. (CAR 87, 92.) The professors went on to state that the position requires a broad range of skills acquired in a four-year university degree in human resources or a related field. (*Id.*) The AAO did not address these statements, and simply held that the record does not establish that the position meets the fourth criterion. (CAR

6.) *See The Button Depot, Inc. v. U.S. Dep't of Homeland Security,* 386 F.Supp.2d 1140, 1148 (C.D.Cal.2005) (the AAO abused its discretion when it did not indicate any basis for its conclusion that it "does not agree with the opinion evidence submitted by the petitioner.") Further, the letters provide the only evidence regarding the complexity of the job duties. Therefore, the AAO's failure to even address the professors' opinions constitutes an abuse of discretion. *See Hong Kong T.V. Video v. Ilchert,* 685 F.Supp. 712, 717 (N.D.Cal.1988) (INS abused its discretion when it disregarded the only evidence provided by the petitioner). Accordingly, the plaintiffs are entitled to summary judgment.

## III. Conclusion

Based on the foregoing reasons, the Court denies the defendants' motion and grants the plaintiffs' motion.

IT IS SO ORDERED.